1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

LEONARD PELTIER, CHANCEY PELTIER,

Plaintiffs,

v.

JOEL SACKS, individually and in his capacity as DIRECTOR OF the WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES; TIMOTHY CHURCH, individually and in his capacity as PUBLIC AFFAIRS MANAGER of the WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES; JAY INSLEE, individually and in his capacity as GOVERNOR OF THE STATE OF WASHINGTON; EDWARD P. WOODS; LARRY LANGBERG; DOES 1-200,

Defendants.

Case No.: 3:17-cv-05209-RBL

**EDWARD WOODS' MOTION FOR ATTORNEY'S FEES AND COSTS AS ORDERED DKT. NO. 25 Filed 07/15/17**

**Motion Noted: August 11, 2017**

///

///

WOODS' MOTION FOR ATTORNEY'S FEES AND COSTS - 1 of 5
ECF NO: C17-5209-RBL

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31

## I.  MOTION

Mr. Woods moves for an order awarding him attorney's fees and costs incurred defending this action pursuant to RCW 4.24.510.  The Court dismissed with prejudice the complaint on July 25, 2017 Dkt. No. 25.  The order allows for an award of attorney's fees and costs via motion.  This motion is made within ten days of entry of the order.   Mr. Woods requests a total award of fees in the amount of $3,950.00.[1]

## II.     FACTS

The Peltiers filed this SLAPP suit against Mr. Woods in his individual capacity, forcing him to hire counsel to defend himself.[2]   Mr. Wood retained civil counsel with experience in SLAPP litigation, who appeared on May 16, 2017.[3]   The terms of his retention agreement were to pay III Branches Law, PLLC $375.00 dollars per hour for Ms. Mell's time and $175.00 per hour for paralegal time.  Mr. Woods paid a $500.00 retainer fee for Ms. Mell to commence advocating on his behalf.  Ms. Mell has approximately twenty-six years experience working in state and federal courts in Washington.   Her rates have been approved as reasonable by the courts.[4]   Mr. Woods waives recovery of any paralegal time, and simply requests reimbursement of his attorney's fees.  He has not yet incurred any costs.

Mr. Woods notified plaintiffs that he intended to assert SLAPP immunity prior to filing his motion to dismiss.[5]  Plaintiffs' counsel was provided the opportunity to amend and or withdraw the complaint without incurring fees and costs to Mr. Woods.  Plaintiffs elected to take no action despite actual knowledge of the precise applicable immunity.   Plaintiffs provided no good faith basis for

---

[1] Woods Dec.

[2] Dkt. 1 (Complaint).

[3] Dkt. 13.

[4] Mell Dec. Ex. B (Nissen Order); *Dalsing v. Pierce County*, 190 Wn. App. 251, 357 P.3d 80 (2015).

[5] Mell Dec.

WOODS' MOTION FOR ATTORNEY'S FEES AND COSTS - 2 of 5
ECF NO: C17-5209-RBL

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1
2

claiming the suit was not a SLAPP suit covered by RCW 4.24.510.  Mr. Woods moved for SLAPP

protection, and the order was granted in accordance with the statute.[6]

3
4

## IV.   LEGAL AUTHORITY

5
6
7
8
9
10

Washington's Anti-SLAPP provision, RCW 4.24.510, protects individuals from strategic

lawsuits against public participation by mandating plaintiff pay the individual's attorney's fees and

costs in a SLAPP suit.[7]   When a person prevails under RCW 4.24.510, the person is entitled to

recover expenses and reasonable attorney fees.[8]  A full award of attorney's fees and costs incurred in

a SLAPP suit under RCW 4.24.510 is appropriate.[9]

11
12
13
14
15
16
17
18
19
20

The lodestar calculation is the proper method for determining the amount of fees to award.[10]

The lodestar calculation multiplies a reasonable hourly rate by the reasonable number of hours

incurred in obtaining a successful result.[11]   Where an attorney has an established billable rate, that

rate is considered a reasonable rate.[12]   Here, Ms. Mell's rate is $375.00 per hour, which is a rate

customary for experienced counsel in Pierce County.[13]   $375.00 per hour for an attorney of her

experience on the issues before the court is a reasonable rate.   Ms. Mell is an experienced civil

litigator with the applicable expertise specific to SLAPP immunity.[14]   Her fees at this level have

been approved at the trial level and on appeal.

21
22
23
24
25
26
27
28
29
30
31

---

[6] Dkt. 25.

[7] RCW 4.24.510:  "A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars."

[8] *Bailey v. State*, 147 Wn. App. 251, 191 P.3d 1285 (2008).

[9] *Gontmakher v. The City of Bellevue*, 120 Wn. App. 365, 85 P.3d 926 (2004).

[10] *Mahler v. Szucs*, 135 Wn. 2d 398, 433-34, 957 P.2d 632 (1998).

[11] *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993).

[12] *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

[13] RPC 1.5(a)(3); Mell Dec.

[14] Mell Dec.

WOODS' MOTION FOR ATTORNEY'S FEES AND COSTS - 3 of 5
ECF NO: C17-5209-RBL

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1
2
3
4
5

With regard to the number of hours incurred, Ms. Mell worked with other defense counsel to avoid duplication of effort.[15]  Mr. Wood authenticates in his declaration the itemized statement of the time kept contemporaneously with the hours actually billed at Ex. A to the Mell Declaration as necessary for a fee application.

6

### IV.   CONCLUSION

7
8
9
10
11
12
13

Based upon the above facts and law, Mr. Wood submits his request for attorney's fees in the amount of $3,950.00.   He did not incur costs at this early stage, and therefore does not seek to recover any costs.   Mr. Woods understands the court denied any penalty recovery without entering any findings as to bad faith, which Mr. Woods does not challenge in this fee application.   While not at issue here, Mr. Woods reasserts that he has at all times acted in good faith.

14

Dated this 1st day of August, 2017 at Fircrest, WA.

15
16
17

III Branches Law, PLLC

_____
Joan K. Mell, WSBA #21319
Attorney for Edward Woods

18
19
20
21
22
23
24
25
26
27
28
29
30
31

---

[15] Mell Dec.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On August 1, 2017, I electronically filed the above Edward Woods' Motion For Attorney's Fees and Costs, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

| ATTORNEY NAME & ADDRESS | METHOD OF DELIVERY |
|---|---|
| Lawrence A. Hildes<br>Law Offices of Lawrence A. Hildes<br>P.O. Box 5405<br>Bellingham, Washington 98227<br>lhildes@earthlink.net<br><br>Peter J. Helmberger<br>Office of the Attorney General<br>1250 Pacific Avenue, Suite 105<br>Tacoma, Washington, WA 98401<br><br>Kyle D. Riley<br>Jeremy H. Rogers<br>Smith, Freed & Eberhard, P.C.<br>705 Second Avenue, Suite 1700<br>Seattle, WA 98104<br>kriley@smithfreed.com<br>jrogers@smithfreed.com | ■ CM/ECF E-Service<br><br>■ E-mail |

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 1st, day of August, 2017 at Fircrest, Washington.

_____

Joseph Fonseca, Paralegal

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph