THE HONORABLE RONALD B. LEIGHTON

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LEONARD PELTIER, CHANCEY PELTIER, <br><br>            Plaintiffs, <br><br> v. <br><br> JOEL SACKS, individually and in his capacity as DIRECTOR OF the WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES; TIMOTHY CHURCH, individually and in his capacity as PUBLIC AFFAIRS MANAGER of the WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES; JAY INSLEE, individually and in his capacity as GOVERNOR OF THE STATE OF WASHINGTON; EDWARD P. WOODS; LARRY LANGBERG; DOES 1-200, <br><br>            Defendants. | Case No.: 3:17-cv-05209-RBL <br><br> **MELL DECLARATION IN SUPPORT OF ATTORNEY FEE AWARD** <br><br> **Motion Noted: August 11, 2017** |

I, JOAN K. MELL, make the following statement under oath subject to penalty of perjury under the laws of the State of Washington and the United States:

MELL DECLARATION IN SUPPORT OF ATTORNEY FEE AWARD - 1 of 6
ECF NO: C17-5209-RBL

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1.1    I make this declaration based on personal knowledge, and my education, training, and experience, and my familiarity with the files and records in these proceedings.

1.2    Edward Woods retained III Branches Law, PLLC to represent him in the above referenced matter on or about May 16, 2017.

1.3    Mr. Woods signed a retainer agreement obligating him to compensate III Branches Law, PLLC at the rate of $375.00 per hour for my time and $175.00 per hour for paralegal time.   Mr. Woods paid the initial retainer amount of $500.00, and I began advocating for him.

1.4    Pursuant to the terms of our agreement, Mr. Woods received itemized billing statements for the fees he was obligated to pay.   Attached as Ex. A is a true and correct copy of the transaction detail that accounts for my time and paralegal time on this matter.   Page two of Ex. A details my time only at 9.20 billable hours for a total of $3,450.00 in attorney's fees billed for the representation of Mr. Woods.   Additionally, I have expended more than two hours preparing this fee application, but agree to reduce my compensation for the fee application to $500.00, for a total fee request of $3950.00.

1.5    These fees are reasonable, having been set at a rate commensurate with my education, training, and experience.   The hours spent are nominal because I coordinated my efforts with the attorneys representing Mr. Langberg and the Society of Former Special Agents of the FBI.   We did not duplicate time, writing separate briefs, but rather combined our resources to prepare a joint motion.   The time I incurred was primarily to contribute my knowledge and experience on the SLAPP immunity, applicable to this case.

1.6    The time I devoted to the representation of Mr. Woods was necessary to obtain the order of dismissal with prejudice.

MELL DECLARATION IN SUPPORT OF ATTORNEY FEE AWARD - 2 of 6
ECF NO: C17-5209-RBL

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1.7     My usual hourly rate is $375.00 per hour, which is the rate reflected in the fee agreement I entered into with Mr. Woods.   My rates have been most recently approved in Division I Court of Appeals in the Dalsing case, and in Thurston County in the Nissen I case.   Attached at Exhibit B is a true and correct copy of the order in *Nissen I*.   I also attach at Exhibit C other court orders approving fees in excess of my rate for counsel of comparable experience.

1.8     The education, training, and experience that justifies this rate is as follows:

1.   I have been an attorney in private practice since 1991.   I have considerable experience with civil litigation, to include multiple appearances in federal court.

2.   For more than twenty-five years, I have been a member in good standing of the Washington State Bar Association and the Tacoma Pierce County Bar Association.

3.   I was admitted to practice in federal court in 1991 and am recognized as a qualified attorney before the 9th Circuit Court of Appeals.

4.   I have served on the Administrative Law Committee of the Washington State Bar Association, and have served on the Legislative Committee and Bench-Bar Press Committee in the past.   I am a member of the Washington State Association for Justice (formerly Washington State Trial Lawyers Association) and have been active in that organization during all of my years in private practice.

5.   I graduated from the University of Puget Sound Law School with honors in 1991 and immediately began a litigation practice at the law firm of Rush, Hannula, and Harkins where I became a partner.   In my eight years there, I handled many civil cases, including multi-million dollar claims both in litigation and through settlement negotiations.   I also defended individuals in various business litigation cases and in cases assigned from insurance agencies.

6.   For a brief period of time before transitioning to State employment, I worked on a contract basis on some high profile cases against the State and the County for harm caused by the criminal misconduct of individuals under community supervision.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

7.     After working in the State Senate for approximately five years as a non-partisan advisor, I transitioned back to private practice in Tacoma with John Miller and Thomas Quinlan, past Tacoma Pierce County Bar Presidents.   I used my legislative background to develop a practice with an emphasis in representing individuals and businesses in complex cases involving government services or regulation.

8.     While I was building my private practice, I also worked for Dennis Braddock when he was the Secretary of the Department of Social and Health Services.   I was his policy attorney directly involved in policy issues at the state level involving DSHS, including relations with represented employees.   I have defended Pierce County as a special prosecuting attorney with John Miller and I have since litigated against the County and the State in various actions.   I successfully argued in favor of local venue on behalf of the prior Prosecuting Attorney before the Court of Appeals.   I briefed and helped resolve at a nuisance value a multi-plaintiff multi-million dollar case against the Pierce County Sheriff's Office - Corrections Department brought by the Gordon Thomas firm by corrections officers for exposure to TB.

9.     Based upon my representation, the Chief of Corrections hired me in an individual capacity to represent a large detention facility in the Tacoma tideflats, which I continue to do today for a large corporation.   This includes defending against various regulatory claims and federal court matters regarding conditions of confinement.   I also appear in matters before the EEOC related to employment.   I have represented the Police Chief and other officers in Pacific on various extraordinary writs and claims associated with the conduct of a rogue Mayor.   I have appellate level experience, to include prevailing against the Gambling Commission on a jurisdictional question based upon statutory interpretation of the Gambling Act before the Court of Appeals and the Supreme Court.   I achieved an amicable settlement with the state following the Supreme Court granting review of a WLAD case where the state contended the ADA did not apply to it.   I represented a state employee union in the Supreme Court, providing amicus briefing on the issue of the standard of review in licensing actions.   In the Court of Appeals, I have succeeded in developing case law imposing due process requirements for entry of a vulnerable adult protection order.   I represent Det. Glenda Nissen

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

with regard to her public records cases, to include the Supreme Court *Nissen I* decision regarding her right to access work related text messages from the elected prosecutor's personal cell phone.  I also represent Det. Mike Ames who defeated a SLAPP claim asserted by Pierce County, and I represented three educators from Lincoln High School who obtained a SLAPP protection against the Tacoma Public School District.

1.9    I respectfully request the court enter an order awarding $3,950.00 in attorney's fees to Mr. Woods pursuant to RCW 4.24.510.

1.10    I gave plaintiffs attorney actual notice that this lawsuit was a SLAPP suit, which exposed his clients to payment of attorney's fees, costs, and the statutory penalty.  I spoke with Mr. Hildes over the phone.  I encouraged him to look at RCW 4.24.510.  I explained to him that the .510 immunity was not implicated by the *Davis* decision, that *Davis* applied only to RCW 4.24.525.  I explained to him that bad faith was not a criteria for application of the immunity.   I invited him to amend or withdraw the complaint before I filed a motion so that his client could avoid any penalties or payment of attorney's fees.  I spoke to Mr. Hildes in May, and he was clear that his client would not be withdrawing or amending his complaint.  We filed the motion in June after he made this decision.

Dated this 1st day of August, 2017 at Fircrest, WA.

III Branches Law, PLLC

_____
Joan K. Mell, WSBA #21319
Attorney for Edward Woods

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On

August 1, 2017, I electronically filed the above MELL DECLARATION, with the Clerk of the

Court using the CM/ECF system and served via Email to the following:

| ATTORNEY NAME & ADDRESS | METHOD OF DELIVERY |
|---|---|
| Lawrence A. Hildes<br>Law Offices of Lawrence A. Hildes<br>P.O. Box 5405<br>Bellingham, Washington 98227<br>lhildes@earthlink.net<br><br>Peter J. Helmberger<br>Office of the Attorney General<br>1250 Pacific Avenue, Suite 105<br>Tacoma, Washington, WA 98401<br><br>Kyle D. Riley<br>Jeremy H. Rogers<br>Smith, Freed & Eberhard, P.C.<br>705 Second Avenue, Suite 1700<br>Seattle, WA 98104<br>kriley@smithfreed.com<br>jrogers@smithfreed.com | ■ CM/ECF E-Service<br><br>■ E-mail |

I certify under penalty of perjury under the laws of the State of Washington that the above

information is true and correct.

DATED this 1st, day of August 2017 at Fircrest, Washington.

_____
Joseph Fonseca, Paralegal

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph



| Client | Trans Date | Tmkr | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 392.00 Woods/Ed** | | | | | | | | | |
| 392.00 | 05/16/2017 | 2 | U | 1 | 175.00 | 1.00 | 175.00 | Reviewed info from client. Drafted, Filed and Served JKM Notice of Appearance . Drafted, Filed, and served Waiver of Service. Calendared Deadline to File and Serve Answer. | 1 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | p/c to client. | 2 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.20 | 75.00 | p/c w/ Assoc. | 3 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.20 | 75.00 | p/c to adverse. | 4 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | Notice of Appearance | 5 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | Acceptance of Service. | 6 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.00 | 375.00 | Review of e-mail and complaint | 27 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.20 | 450.00 | Edits to docs | 28 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.60 | 600.00 | Research | 29 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.00 | 375.00 | Reviewed case file and emails | 33 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.40 | 150.00 | Receipt and review of materials. | 7 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.50 | 187.50 | p/c w/ adverse regarding motion. | 8 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.40 | 150.00 | E-mail communications regarding case. | 9 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | p/c from K.R. | 10 |
| 392.00 | 05/31/2017 | 2 | U | 1 | 175.00 | 0.80 | 140.00 | Bates stamped evidence. | 13 |
| 392.00 | 06/06/2017 | 2 | P | 1 | 175.00 | 0.20 | 35.00 | Received and reviewed MTD Langberg. | 15 |
| 392.00 | 06/07/2017 | 1 | P | 1 | 375.00 | 0.90 | 337.50 | Receipt and review of briefing on mtd, edits | 21 |
| 392.00 | 06/08/2017 | 2 | P | 1 | 175.00 | 0.60 | 105.00 | Updated docket. | 14 |
| 392.00 | 06/13/2017 | 2 | P | 1 | 175.00 | 0.20 | 35.00 | Reviewed Errata App. B to MTD. | 16 |
| 392.00 | 06/13/2017 | 1 | P | 1 | 375.00 | 0.10 | 37.50 | Reviewed Errata App. B to MTD. | 30 |
| 392.00 | 06/14/2017 | 2 | P | 1 | 175.00 | 0.70 | 122.50 | Received and reviewed Mot. to Stay Discovery Pending MTD. | 17 |
| 392.00 | 06/14/2017 | 1 | P | 1 | 375.00 | 0.10 | 37.50 | Reviewed Mot. to Stay Discovery Pending MTD. | 31 |
| 392.00 | 06/16/2017 | 2 | P | 1 | 175.00 | 0.30 | 52.50 | Received and reviewed State's Answer and Affirmative Defenses. | 18 |
| 392.00 | 06/20/2017 | 1 | P | 1 | 375.00 | 0.40 | 150.00 | Received and Reviewed Order Staying Discovery. Forward to client. | 19 |
| 392.00 | 06/26/2017 | 2 | P | 1 | 175.00 | 0.50 | 87.50 | Received and reviewed Plaintiff's Response to MTD. | 20 |
| 392.00 | 06/29/2017 | 2 | P | 1 | 175.00 | 0.30 | 52.50 | Reviewed and edited Reply to MTD. | 22 |
| 392.00 | 06/29/2017 | 1 | P | 1 | 375.00 | 0.60 | 225.00 | Edits to Reply to MTD. | 32 |
| 392.00 | 06/30/2017 | 2 | P | 1 | 175.00 | 0.30 | 52.50 | Reviewed Final MTD. | 23 |
| 392.00 | 07/03/2017 | 2 | P | 1 | 175.00 | 0.20 | 35.00 | Received and reviewed Hilde's NOU. | 24 |
| 392.00 | 07/25/2017 | 2 | P | 1 | 175.00 | 0.60 | 105.00 | Received and reviewed Order Granting MTD Woods and Langberg. Calendared deadline to file Mot. for Award Attended. Fees and Costs. | 26 |
| 392.00 | 07/27/2017 | 1 | P | 1 | 375.00 | 0.20 | 75.00 | E-mails regarding fee applications. | 25 |
| **Total for Client ID 392.00** | | | | | **Billable** | **14.90** | **4,447.50** | Woods/Ed Defense of Tort Claim | |

---

**GRAND TOTALS**

| | | Billable | 14.90 | 4,447.50 |
|---|---|---|---|---|

| Client | Trans Date | Tmkr | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 392.00 Woods/Ed** | | | | | | | | | |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | p/c to client. | 2 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.20 | 75.00 | p/c w/ Assoc. | 3 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.20 | 75.00 | p/c to adverse. | 4 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | *Notice of Appearance* | 5 |
| 392.00 | 05/16/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | Acceptance of Service. | 6 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.00 | 375.00 | Review of e-mail and complaint | 27 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.20 | 450.00 | Edits to docs | 28 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.60 | 600.00 | Research | 29 |
| 392.00 | 05/16/2017 | 1 | P | 1 | 375.00 | 1.00 | 375.00 | Reviewed case file and emails | 33 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.40 | 150.00 | Receipt and review of materials. | 7 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.50 | 187.50 | p/c w/ adverse regarding motion. | 8 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.40 | 150.00 | E-mail communications regarding case. | 9 |
| 392.00 | 05/18/2017 | 1 | U | 1 | 375.00 | 0.10 | 37.50 | p/c from K.R. | 10 |
| 392.00 | 06/07/2017 | 1 | P | 1 | 375.00 | 0.90 | 337.50 | Receipt and review of briefing on mtd, edits | 21 |
| 392.00 | 06/13/2017 | 1 | P | 1 | 375.00 | 0.10 | 37.50 | Reviewed Errata App. B to MTD. | 30 |
| 392.00 | 06/14/2017 | 1 | P | 1 | 375.00 | 0.10 | 37.50 | Reviewed Mot. to Stay Discovery Pending MTD. | 31 |
| 392.00 | 06/20/2017 | 1 | P | 1 | 375.00 | 0.40 | 150.00 | Received and Reviewed Order Staying Discovery. Forward to client. | 19 |
| 392.00 | 06/29/2017 | 1 | P | 1 | 375.00 | 0.60 | 225.00 | Edits to Reply to MTD. | 32 |
| 392.00 | 07/27/2017 | 1 | P | 1 | 375.00 | 0.20 | 75.00 | E-mails regarding fee applications. | 25 |
| **Total for Client ID 392.00** | | | | | **Billable** | **9.20** | **3,450.00** | Woods/Ed | |
| | | | | | | | | Defense of Tort Claim | |

**GRAND TOTALS**

| | | | | | | Billable | 9.20 | 3,450.00 | |
|---|---|---|---|---|---|---|---|---|---|

# Exhibit B

**Finalized Signed Order**

ORIGINAL

FILED
SUPERIOR COURT
THURSTON COUNTY, WASH.

2016 APR -1 AM 9: 57

Linda Myhre Enlow
Thurston County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

| | |
|---|---|
| GLENDA NISSEN, an individual, | NO. 11-2-2312-2 |
| Petitioner, | Public Records Act Case |
| v. | |
| PIERCE COUNTY, a public agency;<br>PIERCE COUNTY PROSECUTOR'S<br>OFFICE, a public agency, | ORDER AWARDING ATTORNEY'S<br>FEES, COSTS, and PENALTIES (RCW<br>42.56.550(4)) AND DENYING<br>SANCTIONS AGAINST INTERVENOR,<br>(CR 11) |
| Respondents, | |
| PROSECUTOR MARK LINDQUIST, | |
| Intervenor. | |

On February 19, 2016 this Court ruled that a SMS text message submitted by Intervenor

Lindquist for in camera review was a public record under the Public Records Act ("PRA") and

reserved the issue of statutory penalties and attorney's fees and costs for a later hearing.  This

Court heard and granted Nissen's motion for attorney's fees, costs, and penalties on March 18,

ORDER GRANTING NISSEN'S MOTION FOR
ATTORNEY'S FEES, COSTS and PENALTIES and DENYING
SANCTIONS AGAINST INTERVENOR - Page 1 of 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

2016, and denied sanctions against Intervenor Lindquist.   The Court, having considered the filings and records in these proceedings, to include the following:

1. Nissen's Motion for Attorney's Fees, Costs and Penalties and Sanctions and Appendix attached thereto;
2. Declaration of Joan K. Mell in Support of Motion for Attorney's Fees, Costs and Penalties and Sanctions and Exhibits attached thereto;
3. Declaration of Glenda Nissen in Support of Motion for Attorney's Fees, Costs and Penalties and Sanctions.
4. Declaration of Michele Earl-Hubbard in Support of Motion Re: Fees and Costs and Exhibits attached thereto;
5. Pierce County's Response to Plaintiff's Motion for Attorney's Fees, Costs and Penalties Against Pierce County;
6. Intervenor's Opposition to Petitioner's Motion for CR11 Sanctions;
7. Nissen's Reply in Support of CR 11 Sanctions against Intervenor Lindquist;
8. Nissen's Reply in Support of her Motion for Attorney's Fees, Costs and Penalties Against Pierce County;
9. Declaration of Joan Mell and Exhibits attached thereto;
10. Updated Appendix A-Fees and Costs incurred in Reply;
11. Pierce County's Objections to Proposed Order and Judgment;
12. Declaration of Michael E. Tardif regarding transmittal of text messages;
13. Declaration of Frances R. Depalma;
14. Intervenor's Response to Application for Fees and Penalties;
15. Nissen's Exceptions to Pierce County's Objections to Nissen's Proposed Order; and
16. Declaration of Misty M. Carman Re: Attorney Fees and Costs.

The Court, having heard the argument of counsel and otherwise being fully informed on the matter, enters the following Orders:

A.    Nissen's Motion for Attorneys' Fees, Costs, and Penalties is Granted.

B.    Nissen's Motion for CR11 sanctions against Intervenor Lindquist is Denied.

C.    The rates of $375 per hour and $460 per hour requested by Nissen's counsel, Joan K. Mell and Michele Earl-Hubbard, respectively, are reasonable and the amount of hours expended on this litigation are reasonable and were necessarily incurred.

ORDER GRANTING NISSEN'S MOTION FOR
ATTORNEY'S FEES, COSTS and PENALTIES and DENYING
SANCTIONS AGAINST INTERVENOR - Page 2 of 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

D.     Nissen's costs incurred were reasonable and necessarily expended.

E.     Pierce County shall pay Nissen's pre-appeal attorneys' fees in the amount of $30,357.28.

       (33% of total incurred)

F.     Pierce County shall pay Nissen's post-appeal attorneys' fees in the amount of $83,025.67.

       (75% of total incurred)

       **Total of fees** E. and F. combined of **$113,382.95**.

G.     Nissen's appellate fees are denied.  See oral ruling of the court attached at App. A deferring to the appellate court.

H.     Pierce County shall pay Nissen's costs:

       $4,894.18 (Trial Costs)

       ~~$4,210.32 (Appellate Costs)~~

       4,894.18 *[handwritten]*

       ~~**$9,104.50 (Total Costs)**~~

I.     Pierce County shall pay Nissen a **total penalty of $9,810.00**.

       A daily penalty of $2.00, from August 3, 2011 to November 4, 2015 of $3,110.00.

       A daily penalty of $50.00, from November 5, 2015 to March 18, 2016 of $6,700.00.

       The Court has considered the arguments made by the parties regarding the amount of statutory penalties to be awarded and the aggravating and mitigating factors set forth in *Yousoufian v. Ron Simms*, 168 Wn.2d 444, 459, 229 P.3d 735 (2010).  This Court can award penalties in its discretion based on a per record basis, per day basis, per category basis, or other formulation.  The mitigating factors were reviewed as applied to these facts for the purposes to determining whether to decrease the penalty.  Similarly, the aggravating factors were reviewed to determine whether to increase the penalty as applied to the facts in this matter.  This court carefully weighed and reviewed all of the evidence and facts in this matter and heard argument of counsel as to the appropriate amount of the penalty to be set.  This court is mindful of and followed the guiding analysis (16 factors) as stated by the Washington Supreme Court in *Yousoufian*, 168 Wn.

ORDER GRANTING NISSEN'S MOTION FOR
ATTORNEY'S FEES, COSTS and PENALTIES and DENYING
SANCTIONS AGAINST INTERVENOR - Page 3 of 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

2d 444,: "Our multi factor analysis is consistent with the PRA and our precedents and provides guidance to trial courts, more predictability to parties, and a framework for meaningful appellate review.   We emphasize that the factors may overlap, are offered only as guidance, may not apply equally or at all in every case, and are not an exclusive list of appropriate considerations.   Additionally, no one factor should control.   These factors should not infringe upon the considerable discretion of trial courts to determine PRA penalties."

J.     Pierce County shall pay interest at the rate of 12% per annum.

K.     The oral ruling of the court has been transcribed and a true and correct copy attached as Exhibit A.  The oral ruling of the court is incorporated into this final order.

DONE IN OPEN COURT this _____ 1st _____ day of _____ April _____, 2016

_____
Honorable Judge Gary R. Tabor
Thurston County Superior Court Judge

DATED this _____ 1st _____ day of _____ April _____, 2016.

III BRANCHES LAW, PLLC

_____
Joan K. Mell, WSBA # 21319
Attorney for Plaintiff Glenda Nissen
1019 Regents Blvd., Suite 204
Fircrest, WA. 98466
253-566-2510 ph.
206-428-7169 fax
joan@3brancheslaw.com

///
///
///

ORDER GRANTING NISSEN'S MOTION FOR
ATTORNEY'S FEES, COSTS and PENALTIES and DENYING
SANCTIONS AGAINST INTERVENOR - Page 4 of 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

Approved as to Form:

_____                        _____
Michael E. Tardiff #5833                         Stewart A. Estes#15535
Counsel for Pierce County                        Counsel for Intervenor Mark Lindquist

ORDER GRANTING NISSEN'S MOTION FOR
ATTORNEY'S FEES, COSTS and PENALTIES and DENYING
SANCTIONS AGAINST INTERVENOR - Page 5 of 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

# Exhibit C
**Order Granting Attorney's Fees and Expenses**



12-2-07223-5  41100537  MT          08-26-13

FILED
DEPT. 14
IN OPEN COURT

AUG 2 3 2013

Pierce County Clerk
By...........................
DEPUTY

4
5
6
7            SUPERIOR COURT OF THE STATE OF WASHINGTON
8                         FOR PIERCE COUNTY
9    CHRISTOPHER BOYD,                    NO. 12-2-07223-5
10                    Plaintiff,           ORDER GRANTING PLAINTIFF'S MOTION
11        v.                               FOR ATTORNEY'S FEES AND LITIGATION
                                           EXPENSES
12    STATE OF WASHINGTON; DEPARTMENT OF
13    SOCIAL AND HEALTH SERVICES; and      ASSIGNED TO THE HONORABLE SUSAN K.
      WESTERN STATE HOSPITAL,              SERKO
14
                      Defendants.
15
16        This matter came before the Court on Plaintiff's Motion for Attorney's Fees and

17   Litigation Expenses.   The Court having reviewed the records and files herein and

18   specifically:

19        • Plaintiff's Motion for Attorney's Fees and Litigation Expenses;

20        • Declaration of James W. Beck in Support of Plaintiff's Motion for Attorney's

21          Fees and Litigation Expenses;

22        • Declaration of Virginia DeCosta in Support of Plaintiff's Motion for

23          Attorney's Fees and Litigation Expenses;

24        • Defendants' Response to Plaintiff's Motion for Award of Attorneys' Fees

25          and Litigation Expenses; and

26

ORDER GRANTING PL'S MOTION FEES/EXPENSES - 1 of 3
(12-2-07223-5)
[100072160]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

- Plaintiff's Reply in Support of Motion for Attorney's Fees and Litigation Expenses.

And having heard oral arguments of counsel and being fully advised on the premises, the Court hereby issues findings of fact and conclusions of law as follows:

1. Christopher Boyd is the prevailing party in this action asserting violation of the Washington Law Against Discrimination and is therefore entitled to reasonable attorney's fees and litigation expenses.

2. The following rates for the various attorneys and legal staff that performed work for plaintiff on this case are reasonable: (1) Stephanie Bloomfield ($425); (2) James W. Beck ($375); (3) Shelly Andrew ($275); (4) Eric Gilman ($275); (5) Andre Penalver ($250); (6) Reuben Schutz ($250); (7) Stowell Holcomb ($250); (8) Desiree Williams ($125); (9) Kellie Brown ($125); and (10) Shannon Vicic ($125).

3. The Court has reviewed the billing records and believes that the time expended by the plaintiff in prosecuting this case was reasonable.

4. The claims involved interrelated events and overlapping legal theories. The claims for sexual harassment and retaliation were substantially identical. The legal theories and evidence submitted were overlapping and part of a single set of operative facts. There is no reasonable way to segregate work performed regarding sexual harassment from work performed regarding retaliation.

5. A multiplier of ~~1.6~~ *1.3* on the time through the verdict in this case is appropriate to adjust for accepting this case on a contingency fee basis where there would be no recovery unless the plaintiff was ultimately successful in the trial and there was considerable risk in accepting representation in this case on a contingency basis. *And for reasons stated on the record on 8/23/13. PMF JnB*

6. The plaintiff incurred reasonable litigation expenses of $24,647.42.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

THEREFORE, for the above stated reasons, the Court hereby ORDERS that the plaintiff is entitled to (1) an award of attorney's fees in the amount of $321,880.00 for work performed through verdict (June 28, 2013); (2) attorneys' fees from the date of verdict through the filing of this motion (August 15, 2013) in an amount of $28,637.50; (3) litigation expenses in the amount of $24,647.42; and (4) a multiplier on the attorneys' fees through verdict of $~~160,040.00~~. 96,564.00 SUB PM

DONE IN OPEN COURT this 23 day of August, 2013.

SUSAN K. SERKO
PIERCE COUNTY SUPERIOR COURT JUDGE

Presented by:

GORDON THOMAS HONEYWELL, LLP

By: _____
James W. Beck, WSBA No. 34208
jbeck@gth-law.com
Attorneys for Plaintiffs

FILED
DEPT. 14
IN OPEN COURT

AUG 23 2013

Pierce County Clerk
By.................DEPUTY

Approved as to form:

Bob Ferguson, Attorney General

By: _____
Peter J. Helmberger, WSBA No. 23041
peterh@atg.wa.gov
Amanda C. Bley, WSBA No. 23041
Amandab3@atg.wa.gov
Attorneys for Defendants

ORDER GRANTING PL'S MOTION FEES/EXPENSES - 3 of 3
(12-2-07223-5)
[100072160]

LAW OFFICES
GORDON THOMAS HONEYWELL, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

THE HONORABLE SUSAN K. SERKO

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| CHRISTOPHER BOYD, | Cause No.:   12-2-07223-5 |
| Plaintiff, | DECLARATION OF VIRGINIA L. DECOSTA IN SUPPORT OF PLAINTIFF'S PETITION FOR REASONABLE ATTORNEYS' FEES |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

Virginia L. DeCosta, being first duly sworn, declares as follows.  I am over the age of 18 and competent to testify. I have personal knowledge of the information stated herein.  My opinions are offered on a more probable than not basis.

## I. INTRODUCTION & SUMMARY OF OPINIONS

I have been asked by James Beck of Gordon Thomas Honeywell to review the Plaintiff's Petition for Attorneys' Fees in this case. I was asked to address three issues: (1) the reasonableness of the hourly rates requested; (2) the reasonableness of the hours expended; and (3) the application of a multiplier in this case.

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 1 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA  98405
TEL  253-761-3093  FAX 253-761-3097

As further explained below, it is my opinion that the requested rates are reasonable, the hours expended are reasonable, and a multiplier of .5 is appropriate here.

## II. MY QUALIFICATIONS

I received my J.D. from the Seattle University School of Law in 1989 (then the University of Puget Sound School of Law). I was admitted to practice before the Washington Bar in 1989. I was also admitted to practice in the local Federal Bar. Since 1989, I have represented numerous individuals as plaintiffs in employment and personal injury matters.

I am active in the employment and personal injury bar. I have authored chapters in two employment law desk books, a chapter in the WSBA Motor Vehicle publication, and spoken at numerous continuing legal education seminars on employment law and personal injury topics. I have handled numerous employment matters since 1989 in all phases to include investigation, evaluation, mediation, discovery, trial, and post-trial. I have experience writing and arguing in our state appellate courts. In the employment context, I co-authored the Washington State Association for Justice's (formerly the Washington State Trial Lawyers Association) *amicus curiae* brief in *Riehl v. Foodmaker Inc.*, 152 Wn.2d 138 (2004).

I am a member of the Washington State Association for Justice, the Washington Employment Lawyer's Association, and the Tacoma Pierce County Bar Association. I am a graduate of the Gerry Spence Trial Lawyer's College. In the past, I have served as Chairperson of the Employment Law section for the Washington State Association for Justice.

I have petitioned for and recovered fees. In the employment law context, I am very familiar with the substantial amount of work involved in investigating, evaluating and litigating these cases. I am knowledgeable about the significant risks associated with accepting employment

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 2 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093  FAX 253-761-3097

cases particularly under a contingency fee agreement and how litigating these cases negatively affect the ability of a firm to take on additional work.

### III. MATERIALS REVIEWED

1. Complaint for Damages;

2. Defendants' Answer to Plaintiff's Complaint for Damages;

3. Defendants' Answer to Plaintiff's Complaint for Damages;

4. Defendants' Disclosure of Possible Primary Witnesses;

5. Plaintiff's Supplemental Witness Disclosure;

6. Plaintiff's Disclosure of Possible Rebuttal Witnesses;

7. Plaintiff's Supplemental Disclosure of Possible Rebuttal Witnesses;

8. Defendants' First Supplemental Disclosure of Possible Primary Witnesses;

9. Plaintiff's Second Supplemental Disclosure of Possible Rebuttal Witnesses;

10. Defendants' Motion for Summary Judgment;

11. Declaration of Peter J. Helmberger in Support of Defendants' Motion for Summary Judgment;

12. Declaration of Peggy Nelson in Support of Defendants' Motion for Summary Judgment;

13. Declaration of Patricia Maddox in Support of Defendants' Motion for Summary Judgment with Exhibits;

14. Declaration of Cook-Gomez in Support of Defendants' Motion for Summary Judgment with Exhibits;

15. Declaration of Lori Manning in Support of Defendants' Motion for Summary Judgment;

16. Plaintiffs' Response to Defendants' Motion for Summary Judgment;

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 3 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093 FAX 253-761-3097

17. Internal Complaint Investigation;

18. Declaration of Christopher Boyd in Response to Defendants' Motion for Summary Judgment;

19. Declaration of Veronica Gabriel;

20. Declaration of Barbara Robbins;

21. Declaration of Paula Vilja;

22. Declaration of I Pun Boyd;

23. Defendants' Reply Brief in Support of Motion for Summary Judgment;

24. Plaintiff's Trial Brief;

25. Defendant's Trial Brief;

26. Order and select materials from *Grace Campbell v. Catholic Community Svcs. of Western Washington*, Cause No.: C10-1579-JCC;

27. Order and select materials from *William Ostling v. City of Bainbridge Island*, Cause No.: 3:11-cv-05219-RBL;

28. Order and select materials from *Jennifer Strange and Magen Morris v. Les Schwab Tire Centers of Washington, Inc.*, Cause No.: C06-0045RSM;

29. Order and select materials from *Veronica L. Keith v. Cuna Mutual Insurance Society*, Cause No.: C08-01368 RAJ; *and*

30. Order and select materials from *Jim Schumacher v. IMG Group, LLC.*, Cause No: 07-2-14554-6; and

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 4 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093 FAX 253-761-3097

31. Declaration of James Beck in Support of Plaintiff's Motion for Attorney Fees and Litigation Expenses.

## IV. REASONABLENESS OF HOURLY RATES

Washington follows the lodestar method of determining reasonable attorney fees. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597-99, 675 P.2d 193 (1983). The lodestar approach involves two steps. First, the trial court multiplies a reasonable hourly rate by the number of hours reasonably expended on the matter. Second, the trial court adjusts the award "either upward or downward to reflect factors not already taken into consideration. *Bowers*, 100 Wn.2d at 598-99 (citations omitted).

There are a variety of factors a trial court may consider in determining the reasonableness of attorneys' fees under RCW 49.60 *et. seq.* These factors include, but are not limited to: (1) the level of skill required by the litigation; (2) the time limitations imposed; (3) the amount of potential recovery: (4) the attorneys' reputation; (5) the contingent nature of the representation; and (6) the undesirability of the case. *Blair v. Washington State Univ.*, 108 Wn.2d 558, 740 P.2d 1379 (1987).

In this case, the firm requested the following rates for the individuals below, which I find to be reasonable given their experience, education, reputation, and that which is charged in the local legal community.

///

//

/

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 5 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA  98405
TEL  253-761-3093  FAX 253-761-3097

| Name | Requested Rate | Position |
|------|---------------|----------|
| Stephanie Bloomfield | $425.00 | Senior Partner |
| James W. Beck | $375.00 | Partner |
| Shelly Andrew | $275.00 | Senior Associate Attorney |
| Eric Gilman | $275.00 | Senior Associate Attorney |
| Andre Penalver | $250.00 | Associate Attorney |
| Stowell Holcomb | $250.00 | Associate Attorney |
| Reuben Schutz | $250.00 | Associated Attorney |
| Desiree Williams | $125.00 | Paralegal |
| Kellie Brown | $125.00 | Paralegal |
| Shannon Vicic | $125.00 | Law Librarian/Legal Researcher |

## A. JAMES BECK

Mr. Beck enjoys an excellent reputation as a litigator. He attended Georgia State University College of Law where he graduated first in his class, *summa cum laude*. Mr. Beck served as an extern and Law Clerk for judges before joining the firm where he became a partner in 2007. Since 2010, he has been a member of the firm's Board of Directors. He has served as trial counsel in a number of significant jury trials over the course of his career cited in his Declaration. He has also successfully argued before the Courts of Appeal, the Washington State Supreme Court, and the Ninth Circuit.

His hourly rate for work on this case is $375. Last year, the Honorable John C. Coughenour awarded Mr. Beck $350 an hour in *Campbell v. Catholic Community Services of Western Washington*. A minimal increase of $25 per hour to $375 over the past year is reasonable and consistent with what is charged for attorneys with his trial experience. I also reviewed *Ostling v. City of Bainbridge Island* (a civil rights case) in which the Honorable Ronald Leighton approved as reasonable associate attorney rates of $325 per hour with experience of 4 years. In that case, Judge Leighton also approved partner rates at $500 per hour.

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 6 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093  FAX 253-761-3097

B. STEPHANIE BLOOMFIELD

Ms. Bloomfield similarly enjoys a fine reputation as a litigator.  She attended the University of Washington School of Law where she was the President of the Moot Court Honor Board as graduating Order of the Barristers.  She has served for a number of years on the firm's Board of Directors.  Like Mr. Beck, Ms. Bloomfield has successfully tried a number of significant cases to verdict.  She was counsel for the three plaintiffs in *Broyles v. Thurston County* in which the jury returned a total verdict of $3.4 million.  The requested hourly fee of $425 for her work is reasonable and consistent with what is charged for attorneys with her experience.

C. ASSOCIATE HOURLY RATES

Several associates worked on matter from its inception through post-trial matters. The requested associated hourly fees range from $250 to $275.

1. SHELLY ANDREW

Ms. Andrew is a Senior Associate with the firm. She graduated in 2008 from the University of Washington School of Law. During law school, she served as Judicial Law Clerk Extern to the Honorable James P. Donahue, United States Magistrate Judge for the Western District of Washington.  Upon graduating from law school, she served as Law Clerk to the Honorable David Mannheimer on the Alaska State Court of Appeals.  She request $275 per hour. This hourly rate is reasonable and consistent with what other Senior Associates charge in the local legal community.

2. ANDRE PENALVER

Mr. Penalver assisted Mr. Beck with the trial as an Associate Attorney.  He graduated in

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES Page 7 of 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA  98405
TEL  253-761-3093  FAX 253-761-3097

2006 from Harvard and subsequently attended Cornell Law School. He served on the Cornell Law

Review, graduating in 2010, and joining the firm. Last year, Judge Coughenour approved an

hourly rate of $225 for Mr. Penalver. The requested rate is $250, which is a $25 increase and

reasonable and is consistent with what is charged in the local legal community.

### 3. ERIC GILMAN

Mr. Gilman is a Senior Associate and assisted with post-trial matters. He graduated

*cum laude* from Seattle University and began working with the firm in 2009. He served as a

Judicial Law Clerk Extern to the Honorable Ronald E. Cox at the Washington Court of Appeals

prior to starting with the firm. He has tried cases to verdict in both state and federal court. His

requested rate of $275 as a Senior Associate is reasonable and consistent with that charged in the

local legal community.

### 4. STOWELL HOLCOMB

Mr. Holcomb is an Associate Attorney at the firm. He graduated from the University of

Washington School of Law and subsequently served as a Law Clerk for the Honorable Gerry

Alexander on the Washington Supreme Court. His requested rate of $250 is reasonable and

consistent with that charged in the local legal community.

### 5. REUBEN SCHUTZ

Mr. Schutz is an Associate Attorney at the firm. He graduated from Seattle University

School of Law *summa cum laude*. While in law school, he clerked for the Honorable James Robart

sitting on the United States District Court for Western Washington. After graduation, he served

as Law Clerk for the Honorable Charles W. Johnson on the Washington Supreme Court. His

requested rate of $250 is reasonable and consistent with that charged in the local legal community.

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES Page 8 of 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093  FAX 253-761-3097

## D. PARALEGAL & LEGAL RESEARCHER RATES

The firm requests fees for two litigation paralegals at the rate previously awarded by Judge Coughenour last year of $125 per hour. This is reasonable and consistent with the rates charged in the local legal community. The law librarian and legal researcher, Shannon Vicic, requests the rate of $125 per hour. Her credentials are set forth in the Declaration of James Beck, ¶17. In my opinion, her requested rate is reasonable and would be consistent with that charged for someone with her knowledge and expertise in the local legal community.

## V. TIME LIMITATIONS IMPOSED

Under *Blair*, another factor the Court should consider in is the time limitations imposed upon the attorneys by working on the case. When attorneys in a smaller firm (as opposed to the defense attorneys here who enjoyed the Attorney General's Office as its law firm) work almost exclusively on one case preparing for trial, it negatively affects the firm's business; the attorneys are precluded from taking on new clients and/or moving other cases forward toward resolution or trial. This business practice negatively impacts a firm's finances and positive cash flow.

## VI. THE AMOUNT OF POTENTIAL RECOVERY

Yet another factor to consider under *Blair* is the amount of potential recovery. In this case, there was significant risk to plaintiff's counsel of a low verdict or a defense verdict. The plaintiff had minimal economic damages, and a variety of other evidence the defense could have successfully used to limit his verdict.

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 9 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093 FAX 253-761-3097

## VII. THE CONTINGENT NATURE OF THE REPRESENTATION

Under *Blair*, the Court considers whether the plaintiff's firm accepted the case under a contingency fee agreement. The firm represented Mr. Boyd under a contingency fee agreement. This fee arrangement posed a significant risk to plaintiff's law firm if it did not prevail at trial.

## VIII.  THE UNDESIRABILITY OF THE CASE

The final factor for the Court to consider is the undesirability of the case. This case is one that could have easily been rejected by the firm. As a threshold matter, employment cases in general regardless of the claim(s) are very difficult and time consuming. They are fact intensive and document laden cases. Retaliation cases can be even more difficult because those cases are generally proven through circumstantial evidence.

## IX. THE NUMBER OF HOURS EXPENDED BY COUNSEL AND LEGAL STAFF IS REASONABLE

As of June 28, 2013, the hours expended by the attorneys and legal staff are set forth below:

| Name | Total Hours | Requested Rate | Fee |
|---|---|---|---|
| Stephanie Bloomfield | .5 | $425.00 | $212.50 |
| James W. Beck | 366.4 | $375.00 | $137,400.00 |
| Shelly Andrew | 7.10 | $275.00 | $2,130.00 |
| Andre Penalver | 581.2 | $250.00 | $145,300.00 |
| Stowell Holcomb | 3.20 | $250.00 | $800.00 |
| Reuben Schutz | 6.20 | $250.00 | $1,550.00 |
| Desiree Williams | 274.6 | $125.00 | 34,325.00 |
| Kellie Brown | .2 | $125.00 | $25.00 |
| Shannon Vicic | 1.10 | $125.00 | $137.50 |
| Total fee through June 28, 2013 | | | $321,880.00 |

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 10 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA  98405
TEL  253-761-3093  FAX 253-761-3097

1   I find the amount of hours spent on this matter as set forth above to be reasonable. This

2   case was very fact intensive, posed significant legal issues, and was very risky. The claims derived

3   from statutory protections under RCW 49.60 and involved a core set of operative facts. The

4   billing entries are detailed, set forth the work performed, and identified the individual performing

5   the work.

6

7   ## X. MULTIPLIER

8       Plaintiff's counsel seeks a .5 multiplier for work through trial. I believe it is appropriate in

9   this case.

10      Under Washington law, the trial court has discretion to adjust the lodestar amount. In

11  *Chuong Van Pham v. City of Seattle*, 159 Wn.2d 527, 541, 151 P.3d 976 (2007), the Court

12  explained: "After the lodestar has been calculated, the court may consider adjusting the award to

13  reflect additional factors. Adjustments to the lodestar are considered under two broad categories:

14  the contingent nature of success, and the quality of work performed." *Pham* at 541; (*See also,*

15

16  *Broyles v. Thurston County*, 157 Wn.App 409, 195 P.3d 985 (2008) (citation omitted).

17  The contingent nature of success is also referred to as the "risk factor." *Broyles* at 453. In *Broyles,*

18  the Court awarded a multiplier of 1.5 for the work performed through trial. *Broyles* at 449-453.

19

20  ### A. The Contingent Nature of Success, the Quality of Work Performed Here, and the Risk

21  ### Factors

22      This case posed significant risk factors and the exceptional quality of work performed is

23  evidenced by the plaintiff's verdict. I believe many employment law attorneys would have not

24  agreed to take on this case. Several of the significant risk factors included:

25

26      1. The plaintiff sustained only *de minimis* economic damages (2 week suspension);

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 11 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093 FAX 253-761-3097

2. The EEOC determination issued on January 20, 2011 stated: "... the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." *See, EEOC Determination dated January 20/2011*

3. Prior work history and performance related concerns;

4. Internal investigation interviews and results arising out of plaintiff's complaint against Patricia Maddox;

5. Expert testimony on damages limited to a counselor;

6. Any settlement from the State was predicated on "...the condition that Mr. Boyd resign and separate from state employment and stipulate he will not apply for state jobs in the future." Short of such an agreement, my client is not willing to settle this case." *See, Peter Helmberger's letter dated January 29, 2013 to plaintiff's counsel.*

Plaintiff's counsel litigated and tried the case in a diligent and efficient manner despite the risks above and obstacles at trial, which included a mistrial owing to behavior that was not plaintiff's fault.

When an employment case is taken on a contingency fee agreement, it necessarily poses the significant risk to plaintiff's counsel of no fee despite all of the work performed. In *Pham*, the Court observed: "The contingency adjustment is based on the notion that attorneys generally will not take high risk contingency cases, for which the risk no recovery at all for their services, unless they can receive a premium for taking that risk." *Pham* at 541.

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 12 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA 98405
TEL 253-761-3093  FAX 253-761-3097

In addition, the Washington Law Against Discrimination (WLAD) places a premium on encouraging private enforcement of discrimination concerns. The Court in *Pham* further observed that the possibility of a multiplier works to encourage civil rights attorneys to accept difficult cases. *Pham* at 542. This was indeed a difficult case.

## XI.  MY EXPERT FEES

For work as an expert, I charge $425.00 per hour.

I swear under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct to the best of my knowledge and belief.

Signed at Tacoma, Washington this 5th day of August, 2013.

_____
Virginia L. DeCosta, WSBA 19188

DECLARATION OF VIRGINIA L. DECOSTA IN
SUPPORT OF PLAINTIFF'S PETITION FOR
REASONABLE ATTORNEYS' FEES PAGE 13 OF 13

DECOSTA LAW FIRM
The Yuncker Manor
519 South G Street
Tacoma, WA  98405
TEL  253-761-3093  FAX 253-761-3097

FILED
DEPT. 6
IN OPEN COURT

FEB 2 1 2014

Pierce County, Clerk
By _____
DEPUTY

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

HENRY PERRYMAN,

                Plaintiff,

    vs.

FITTS INDUSTRIES, INC. and BOYD WINKLER,

                Defendants.

NO. 12-2-08111-1

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES

ASSIGNED TO THE HONORABLE JUDGE JACK NEVIN

This matter came before the Court on Plaintiff's Motion for Attorney's Fees and Litigation Expenses. The Court having reviewed the records and files herein and specifically:

- Plaintiff's Motion for Attorney's Fees and Litigation Expenses;

- Declaration of James W. Beck in Support of Plaintiff's Motion for Attorney's Fees and Litigation Expenses;

- Declaration of Virginia DeCosta in Support of Plaintiff's Motion for Attorney's Fees and Litigation Expenses;

- Defendants' Response to Plaintiff's Motion for Award of Attorneys' Fees and Litigation Expenses;

ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTORNEY'S
FEES AND LITIGATION EXPENSES - 1 of 4
12-2-08111-1
[100083721.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

- Declaration of Elizabeth A. Cooper in Support of Defendants' response to Plaintiff's Motion for Award of Attorneys' Fees and Litigation Expenses;

- Declaration of John W. Rankin, Jr. in Support of Defendants' Opposition to Plaintiff's Petition for Attorney Fee Award;

- Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees and Litigation Expenses; and

- Supplemental Declaration of James W. Beck in Support of Award of Attorneys' Fees and Litigation Expenses

and having heard oral arguments of counsel and being fully advised on the premises, the Court hereby issues findings of fact and conclusions of law as follows:

1. Henry Perryman is the prevailing party in this action asserting violation of the Washington Law Against Discrimination and is therefore entitled to reasonable attorney's fees and litigation expenses.

2. The following rates for the various attorneys and legal staff that performed work for plaintiff on this case are reasonable: (1) Stephanie Bloomfield ($425); (2) James W. Beck ($375); Eric Gilman ($275); Andre Penalver ($250); Shelly Andrew ($275); Amanda Nathan ($200); Andrea Louie ($125); Kirsten Nelson ($125);  Desiree Williams ($125); and Kellie Brown ($125).

3. The Court has reviewed the billing records and believes that the time expended by the Plaintiff in prosecuting this case was reasonable, with the exception of the amounts that were noted by the Court on the record.

4.    The claims involved interrelated events and overlapping legal theories. The claims for disability discrimination and accommodation were substantially identical and sought the same recovery. The legal theories and evidence submitted were overlapping

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1   ~~and part of a single set of operative facts. There is no reasonable way to segregate work~~

2   ~~performed regarding disability discrimination from disability failure to accommodate.~~

3   ~~5.    A multiplier of 1.5 on the time through the verdict in this case is~~

4   ~~appropriate to adjust for accepting this case on a contingency fee basis where there~~

5   ~~would be no recovery unless the Plaintiff was ultimately successful in the trial and there~~

6   ~~was considerable risk in accepting representation in this case on a contingency basis.~~

7   ~~Additionally, the quality of the work performed and the difficulty of the case also justify~~

8   ~~the multiplier of 1.5.~~

9                                                                    $14,083.68

10      6.    The Plaintiff incurred reasonable litigation expenses of ~~$18,478.59.~~

11      THEREFORE, for the above stated reasons, the Court hereby ORDERS that the

12   Plaintiff is entitled to (1) an award of attorney's fees in the amount of $ 177,742.50. for

13   ~~work performed through verdict (November 26, 2013); (2) attorneys' fees from the date~~

14   ~~of verdict through the filing of this motion (January 23, 2013) in an amount of~~

15   ~~$_____; (3) attorneys' fees from January 24, 2014 to February 21, 2014 in the~~

16   ~~amount of $_____;~~ (2) (4) litigation expenses in the amount of $ 14,083.68 ~~and (5) a~~

17   ~~multiplier on the attorneys' fees through verdict of $_____.~~

18      DONE IN OPEN COURT this __21__ day of February, 2014.

19

20

21                                     _Jack Nevin_
                                       JACK NEVIN
22                                     PIERCE COUNTY SUPERIOR COURT JUDGE

23   Presented by:

24   GORDON THOMAS HONEYWELL, LLP

25   By: _____
       James W. Beck, WSBA No. 34208
26   jbeck@gth-law.com
       Attorneys for Plaintiff

FILED
DEPT. 6
IN OPEN COURT

FEB 2 1 2014

Pierce County, Clerk
By _____ DEPUTY

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1    Approved:

2    ANDREWS SKINNER, P.S.

3

4    By:_____
     Elizabeth A. Cooper, WSBA No. 25065

5    Attorney for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9    GRACE CAMPBELL,                         CASE NO. C10-1579-JCC

10                      Plaintiff,           ORDER

11          v.

12   CATHOLIC COMMUNITY SERVICES
     OF WESTERN WASHINGTON,
13
                        Defendant.
14

15          This matter comes before the Court on Plaintiff's motion for award of fees, litigation

16   expenses, and an amount to offset adverse tax consequences (Dkt. No. 97). Having thoroughly

17   considered the parties' briefing and the relevant record, the Court finds oral argument

18   unnecessary, and, for the reasons explained herein, AWARDS Plaintiff a total of $457,252.26 in

19   attorneys' fees, expenses, and tax offset funds.

20   I.     BACKGROUND

21          On October 1, 2010, Plaintiff Grace Campbell brought this discrimination suit against

22   Defendant Catholic Community Services of Western Washington ("CCS") in federal court on the

23   basis of federal question jurisdiction. (Dkt. No. 1.) Plaintiff's federal claims arose under the

24   Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Plaintiff's

25   supplemental state claims arose under the Washington Law Against Discrimination ("WLAD").

26   (Id.) Plaintiff retained counsel in March of 2008, who represented her on a contingency basis

ORDER
PAGE - 1

1   over the next four years, through employment securities proceedings, pre-filing settlement

2   negotiation, the pleadings stage, a lengthy discovery stage, summary judgment motions on both

3   sides, motions in limine, and, ultimately, trial itself. (Dkt. No. 97 at 2-3.) On April 30, 2012, the

4   jury returned a verdict in Plaintiff's favor, finding that Defendant discriminated against Plaintiff

5   and subjected her to a hostile work environment in violation of both federal and state law. (Dkt.

6   No. 96.) The jury awarded total damages of $485,000. (*Id.*) On May 3, 2012, this Court entered

7   judgment in favor of Plaintiff. (Dkt. No. 96.)

8          On May 17, 2012, Plaintiff moved for recovery of the costs of her suit in the amount of

9   $516,413.71 plus any additional costs expended during post-trial motion practice. (Dkt. No. 97.)

10  Plaintiff also requested $14,482.00 as an offset to the adverse tax consequences of the award.

11  (Dkt. No. 97.) Plaintiff calculated the amount of $516,413.71 as follows: (1) attorneys' fees

12  incurred through May 2, 2012, in the amount of $318,862.50; (2) attorneys' fees incurred for

13  work from May 3, 2012 to May 16, 2012, in the amount of $12,527.50; (3) pursuant to

14  Washington law, a multiplier of 1.5 on attorneys' fees performed before judgment was entered in

15  the amount of $159,431.25; and (4) litigation expenses, including interest, through May 16, 2012

16  of $25,592.26. (Dkt. No. 97-1 at 6.)

17         Defendant objected to the amount that Plaintiff requested, raising fourteen total

18  objections, and arguing that a reasonable recovery would be around $203,000. (Dkt. No. 102.)

19  Defendant also moved for judgment notwithstanding the verdict on several issues. (Dkt. No.

20  104.)

21         Plaintiff subsequently requested $8,430 in attorneys' fees incurred in preparing the reply

22  brief on the fees motion (Dkt. No. 108), $7,277.50 in attorneys' fees incurred in responding to

23  Defendant's motion for judgment notwithstanding the verdict (Dkt. No. 116), and $1,033.60 in

24  litigation costs incurred during the post-trial motions briefing (Dkt. No. 116).

25

26

ORDER
PAGE - 2

## II.   DISCUSSION

### A.   Relevant Law

A district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, "[t]he district court must provide a concise and clear explanation of its reasons for the fee award." *Id.*

38 U.S.C. § 4323(h)(2) provides for a discretionary award of attorneys' fees to a prevailing plaintiff in an action to enforce a right under USERRA. *See also* 20 CFR § 1002.310 ("If an individual obtains private counsel for any action or proceeding to enforce a provision of [USERRA], and prevails, the court may award reasonable attorney fees, expert witness fees, and other litigation expenses."); *Serricchio v. Wachovia Securities, LLC*, 606 F.Supp.2d 256, 267 (D. Conn. 2009); *Fryer v. A.S.A.P. Fire and Safety Corp., Inc.*, 758 F.Supp.2d 29, 35 (D. Mass. 2010). Similarly, RCW 49.60.030(2) provides that a plaintiff prevailing under a WLAD claim is entitled to recover "the cost of suit including reasonable attorneys' fees." *See also Broyles v. Thurston County*, 195 P.3d 985, 1004 (Wash. App. Div. 2008) ("Successful plaintiffs under the WLAD are entitled to recover their attorney fees and costs incurred in pursuing their claims.").

When awarding reasonable attorneys' fees pursuant to "fee-shifting statutes," the district court must balance between granting sufficient fees to attract qualified counsel to litigate, *see City of Riverside v. Rivera*, 477 U.S. 561, 579-80 (1986), and avoiding a windfall to counsel when they succeed, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984). The burden falls on the plaintiff to demonstrate the amount of attorney fees and costs to which he or she is reasonably entitled. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."). The plaintiff must "exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.

ORDER
PAGE - 3

1    The "lodestar" figure is considered the "guiding light" of fee-shifting jurisprudence. *City*

2    *of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In order to determine the lodestar figure, the

3    court calculates "the number of hours reasonably expended on the litigation multiplied by a

4    reasonable hourly rate." *Hensley*, 461 U.S. at 433. The court excludes from this initial fee

5    calculation hours that were not reasonably expended. *Id.* at 434 ("Hours that are not properly

6    billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory

7    authority.") (emphasis in original).

8    There is a "strong presumption" that the lodestar figure represents the reasonable fee

9    award. *Dague*, 505 U.S. at 562. However, the court may, if circumstances warrant, adjust the

10   lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial

11   calculation of the lodestar. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th

12   Cir. 2000); *Chuong Van Pham v. City of Seattle*, 151 P.3d 976, 982 (Wash. 2007). The fee

13   applicant who seeks more than the lodestar figure has the burden of showing that an adjustment

14   is "*necessary* to the determination of a reasonable fee." *Dague*, 505 U.S. at 562 (emphasis in

15   original); *see also Chuong Van Pham*, 151 P.3d at 982 ("The party requesting a deviation from

16   the lodestar bears the burden of justifying it.").

17   **B.    Defendant's Objections to Plaintiff's Requests**

18   Defendant CCS raises fourteen total reductions to Plaintiff's calculation of reasonable

19   attorneys' fees and expenses. Defendant challenges the following: (1) the rates due to attorneys,

20   (2) the use of a multiplier, (3) the number of hours billed, (4) the purported use of "block-

21   billing," (5) billing for clerical work, (6) billing for intra-office communications, (7) duplication

22   of work between two partners on the case, (8) billing for pre-filing work, (9) billing for the costs

23   of effecting service, (10) billing for time spent conducting a mock trial, (11) billing for associate

24   time, (12) Westlaw billing, (13) the availability of fee recovery under USERRA, and (14) fees on

25   fees. According to Defendant, a reasonable award would be closer to $200,000 as opposed to

26   over $500,000, as Plaintiff requests. The Court now addresses Defendant's objections in turn.

ORDER
PAGE - 4

1           **1. Rates**

2           At issue are the rates at which Plaintiff's counsel billed the hours worked on this case.

3    Plaintiff asks for a rate of $350/hour or $325/hour for partners, $250/hour or $225/hour for

4    associates, and $125/hour for support staff. Defendant claims that these rates are clearly

5    unreasonable and suggests a rate of $200/hour for partners, $160/hour for associates, and

6    $100/hour for support staff.

7           To determine a reasonable billing rate, the Court generally looks to "the forum in which

8    the district court sits." *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973, 979 (9th Cir. 2008). The

9    presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v.*

10   *Thurston County*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). The reasonable geographic area

11   for purposes of determining a reasonable hourly rate for Plaintiffs' counsel is the entire Puget

12   Sound region. *Id.*

13          Here, the rates requested by Plaintiff are consistent with the rates requested by other

14   lawyers within the Puget Sound area. Indeed, in a recent case in the Western District of

15   Washington, the court approved similar rates:  $375/hour for partners, $250/hour for associates,

16   and $120/hour for paralegals and other staff. *See United States ex rel. Marchese v. Cell*

17   *Therapeutics Inc.*, No. C06-168-MJP, 2008 U.S. Dist. LEXIS 97163, *5 (W.D. Wash. Nov. 8,

18   2008). Plaintiff's partner rates are also supported by 2008 data from the National Law Journal,

19   showing that three Seattle firms (Davis Wright Tremaine, Lane Powell, and Perkins Coie) have

20   average hourly partner rates of $455, $405, and $498 respectively. *A Nationwide Sampling of*

21   *Law Firm Billing Rates*, Nat'l L. J. (Dec. 8, 2008). The Court finds that the hourly rates

22   requested by Plaintiff are reasonable.

23          **2. Multiplier**

24          At issue is whether Plaintiff is entitled to a multiplier—i.e., an upward adjustment to the

25   lodestar amount. Plaintiff argues that a 1.5 multiplier is appropriate for the work performed

26   through judgment because of (1) the contingent nature of success and (2) the quality of work

1  performed. (Dkt. No. 97 at 2.) In response, Defendant contends that multipliers are the rare

2  exception, not the rule, and that a multiplier is not appropriate here because Plaintiff has not

3  established that this is one of those exceptional cases where the lodestar rate does not sufficiently

4  account for the high risk nature of the case or the quality of the work performed. (Dkt. No. 102 at

5  5.)

6        Federal and Washington courts diverge on the question of whether the lodestar amount

7  can be enhanced to account for the fact that a prevailing party's counsel undertook the case on a

8  contingent basis. The Washington Supreme Court, on the one hand, has indicated that "the

9  contingent nature of success" may be taken into account when considering upward adjustments

10 to the lodestar. *See Chuong Van Pham*, 151 P.3d at 982-83. The United States Supreme Court,

11 on the other hand, has found that the contingent nature of a case is not an appropriate basis for an

12 upward enhancement of the lodestar amount in cases involving federal fee-shifting statutes. *See*

13 *Dague*, 505 U.S. at 566-67 (indicating that the contingent nature of the cases is reflected in the

14 lodestar amount).

15       With respect to the quality of counsel factor, federal courts have made clear that it is

16 impermissible to use a multiplier to adjust the lodestar fee for quality of representation, absent

17 exceptional circumstances. *See Blum*, 465 U.S. at 899. Such an adjustment is justified only in the

18 rare case where there is specific evidence that the quality of service was superior in light of the

19 hourly rates charged and the success was exceptional. *Id.*; *see also Pennsylvania v. Delaware*

20 *Valley Citizens' Council for Clean Air*, 478 U.S. 546, 567-68 (1986).

21       Here, the Court cannot accept Plaintiff's contention that the lodestar amount should be

22 increased on account of the quality of counsel in this case. While Plaintiff's counsel are highly

23 skilled and achieved an excellent outcome for Plaintiff, the quality of representation is duly

24 reflected in the product of the reasonable numbers of hours multiplied by counsel's substantial

25 hourly fees. The Court is, however, persuaded that the contingent nature of success in this matter

26 may provide a basis for an upward adjustment to the lodestar amount.  The claims in this suit

ORDER
PAGE - 6

1   required a great deal of lawyer and staff time, and undertaking representation of Plaintiff

2   impacted the ability of counsel to work on other matters and constituted a significant risk to

3   counsel's law firm if it did not recover fees.

4        As discussed above, federal law does not allow a court to award a multiplier on account

5   of a contingency arrangement, and the Court accordingly finds that it may not award a multiplier

6   on that basis with respect to work attributable to Plaintiff's federal law claims. However, the

7   Court will award a 1.5 multiplier with respect to Plaintiff's state law claims to account for the

8   contingent nature of success.

9        Given that federal and Washington state anti-discrimination law is very similar, and

10  given that Plaintiff's state law claims were closely analogous to her federal law claims, the Court

11  finds that half of the attorneys' fees requested by Plaintiff can be reasonably attributed to work

12  on her state law claims. Therefore, the Court will award a 1.5 multiplier on half of the reasonable

13  attorneys' fees incurred prior to entry of judgment on May 3, 2012.

14       As indicated below, the amount of reasonable attorneys' fees incurred before May 3,

15  2012 is $310,387.50. Half of that amount is $155,193.80. Thus, the multiplier amount that the

16  Court awards is $77,596.88.

17                    **3.  Number of Hours**

18       At issue is whether Plaintiff's fee application should be reduced for unwarranted billing.

19  A court may reduce the number of hours awarded where the prevailing party requests hours that

20  are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. However, as the

21  Ninth Circuit has observed:

22        It must also be kept in mind that lawyers are not likely to spend unnecessary time
          on contingency fee cases in the hope of inflating their fees. The payoff is too
23        uncertain, as to both the result and the amount of the fee. By and large, the court
          should defer to the winning lawyer's professional judgment as to how much time
24        he was required to spend on the case; after all, he won, and might not have, had he
          been more of a slacker.
25
    *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).
26

ORDER
PAGE - 7

1    The Court is not convinced by Defendant's objections to the amount of time billed in this

2  case. To give an example, Defendant contends that Plaintiff's counsel overbilled for time spent

3  waiting for the jury's verdict when "[p]resumably counsel were at their Seattle office working on

4  something else." (Dkt. No. 102 at 5.) However, it is not uncommon or unreasonable for lawyers

5  to stay with their client to await a jury verdict, particularly, as here, where those lawyers have

6  been instructed by the Court to stay within 15 minutes of the courthouse during jury

7  deliberations. Plaintiff's lawyers were indeed present in the courthouse and were seen by

8  multiple courtroom officials. Similarly unavailing is Defendant's challenge to the amount of time

9  that Plaintiff's counsel spent on service of process. Any inefficiencies in the work regarding

10  service of process was caused at least in part if not wholly by CCS's refusal to accept service

11  through counsel, as the parties had initially agreed. (*See* Dkt. No. 16 at 2.) The other objections

12  advanced by Defendant are equally feeble, or, at best, raise debatable questions of how best to

13  staff a case.

14    Given the quality of Plaintiff's lawyers and the excellent result that they obtained for

15  Plaintiff, the Court will defer to their professional judgment as to how much time they needed to

16  spend on the case.

17    **4.  "Block Billing"**

18    At issue is whether the hours requested by Plaintiff should be reduced on account of

19  purported block billing by Plaintiff's counsel. It is well-established that the fee applicant bears

20  the burden of documenting the appropriate hours expended in the litigation and must submit

21  evidence in support of those hours worked. *See Welch*, 480 F.3d at 948. However, the work that

22  Defendant characterizes as "pervasive block billing" in this case is unfairly characterized.

23  Plaintiff's lawyers have submitted a very detailed list of all work done on Plaintiff's case since

24  2008. Most of the items on the list are under an hour. When the time does elapse more than one

25  hour, counsel usually identifies two or three different tasks that were accomplished in that

26  particular span of time, which is common in private practice. For an example of what Defendant

ORDER
PAGE - 8

1   believes to be improper "block billing," see Dkt. No. 103-2 at 20, which reflects 2.3 hours of

2   billing by Plaintiff's counsel, James Beck, for the following:

3            Edits to plaintiff's motion for summary judgment; research on federal mitigation
             of damages standard and drafting section on same.  Locating citations for statute
4            of limitations issue and 12b issue.  Review changes requested to brief.   Review
             proposed order and changes to same.
5
    This entry is not "block billing" in the negative sense of the term as it covers a relatively
6
    limited amount of time and gives sufficient information for the Court to assess the nature
7
    of the work done. Furthermore, lawyers are not required to record in great detail how
8
    each minute of their time is spent on a case; rather, they must only provide enough
9
    evidence to show that the effort expended during those hours was reasonable. *See Secalt*
10
    *S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012). In this case,
11
    the Court will not reduce the number of hours for block billing.
12
             **5.  Clerical Work**
13
             Defendant argues that the amount of hours billed by Desiree Williams, a paralegal for
14
    Plaintiff's firm, should be reduced to account for the clerical nature of many of the tasks she
15
    performed. Defendant is correct that "purely clerical or secretarial tasks should not be billed at a
16
    paralegal [or lawyer's] rate, regardless of who performs them." *Davis v. City & County of San*
17
    *Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992). "When clerical tasks are billed at hourly rates,
18
    the court should reduce the hours requested to account for the billing errors." *See Nadarajah v.*
19
    *Holder*, 569 F.3d 906, 921 (9th Cir. 2009). It is apparent from the billing records that a portion of
20
    Ms. Williams's time through May 17, 2012 was spent on clerical tasks but was still billed out at
21
    her $125/hour paralegal rate.  The Court will reduce Ms. Williams's billed hours for the period
22
    through May 17, 2012 by 30 percent to account for this billing error. Accordingly, the amount of
23
    recoverable time expended by Ms. Williams is 158 hours for the period through May 2, 2012 and
24
    1.3 hours for the period from May 3, 2012 to May 17, 2012.
25

26

### 6. Intra-Office Communications

Defendant makes a bald accusation that Plaintiff's counsel's bills are "stuffed" with intra-office meetings, conferences and phone calls and argues that the attorneys' fees award should be reduced to account for this excessive billing. (Dkt. No. 102 at 7.) The Court disagrees. The number of billing entries for intra-office communications that Defendant identified are far from excessive in light of the four years this case took to resolve. Furthermore, collaborating with others and jointly formulating legal theories is an intrinsic part of litigation success. Defendant's proposed reduction is meritless.

### 7. Duplication of Work Between Two Partners

Plaintiff had two partners working on this case. Defendant requests that the Court reduce both partners' hours by ten percent because of "inefficient overlap and duplication." (Dkt. No. 102 at 7.) However, Defendant does not cite to any particular billing entries that it believes reflect unnecessarily duplicative work. Furthermore, a district court "may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno*, 534 F.3d at 1114. This proposed reduction is rejected.

### 8. Pre-Filing Work

Defendant petitions the Court to disallow recovery for the time Plaintiff's counsel spent representing Plaintiff during her unemployment securities process before the formal complaint in this matter was filed. (Dkt. No. 102 at 8.) However, the Court finds that this representation was reasonably related to the merits of this case and that the time spent by Plaintiff's counsel is recoverable. In this respect, the Court notes that the relevance of the unemployment compensation matter is demonstrated by the fact that Defendant sought to use the unemployment benefit orders at trial. (*See* Dkt. No. 108 at 15.)

### 9. Service of Process

The Court finds that Defendant is responsible for paying for the cost of serving the summons and complaint. While the cost of service of process was high in this case, the

ORDER
PAGE - 10

1   inefficiencies in the work regarding service of process was caused wholly or partly by

2   Defendant's belated refusal to accept service through counsel, as the parties had initially agreed.

3   (*See* Dkt. No. 16 at 2.)

4         **10. Mock Trial**

5         At issue is whether Plaintiff can recover costs and fees for a mock trial.  Federal courts

6   have declined to draw a firm line concerning attorneys' fees for mock trials, moot courts, and

7   other preparation techniques, instead analyzing if those activities were reasonable in the context

8   of the particular case. *See, e.g.*, *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d

9   403, 407 (9th Cir. 1990) (holding a single moot court trial could be included in a reasonable fee

10  award so long as the number of hours spent was reasonable). Here, the Court finds that the time

11  and expense Plaintiff spent conducting a mock trial was reasonable in the circumstances of this

12  case and declines to make any related reduction.

13        **11. Associate Time**

14        Defendant cites no legal authority, just the Wall Street Journal, in support of its claim that

15  CCS should not be required to pay for legal work done by associates. (Dkt. No. 102 at 9-10.) The

16  Court rejects this proposed reduction.

17        **12. Westlaw Billing**

18        The Court finds that Plaintiff's request for legal research litigation expenses in the

19  amount of $4,381.64 is reasonable, sufficiently supported by its documentation, and recoverable.

20        **13. USERRA Recovery**

21        Defendant's reading of 38 U.S.C. §4323(h) as allowing private counsel to recover

22  attorney fees under USERRA only if the Attorney General first passes on the merits of the

23  underlying case is contradictory to the plain language of the statute, various court decisions and

24  the Department of Labor's own regulations. *See, e.g.*, 20 CFR § 1002.310; *Fryer*, 758 F.Supp.2d

25  at 35; *Serricchio*, 606 F.Supp.2d at 267. Plaintiff is entitled to attorneys' fees under 38 U.S.C. §

26  4323(h).

ORDER
PAGE - 11

### 14. Fees on Fees

Defendant does not appear to contest that the hours expended by Plaintiff in briefing the fee issue is recoverable. (*See* Dkt. No. 102 at 11.) Rather, Defendant's main concern seems to be that Plaintiff not receive a multiplier on the work done on the fee petition. (*Id.* (arguing that an upward adjustment is not warranted for "fees on fees" work since recovery at that point was presumably certain and not contigent).)

Defendant need not be concerned. As discussed above in § B(2) of this Order, the multiplier has been calculated only with respect to the pre-judgment attorneys' fees. And, as a review of the billing records demonstrates that Plaintiff's lawyers did not begin work on the fee petition until after judgment was entered on May 3, 2012, Plaintiff is not receiving a multiplier on the fees work.

### C.  Conclusions as to Reasonable Attorneys' Fees, Costs, and Tax Offset

The Court finds that virtually all of the fees and costs sought by plaintiff were reasonably incurred in this matter and should be recovered without deduction or penalty. The only exception to this is that certain of the tasks performed by Ms. Desiree Williams through May 16, 2012 appear to be clerical in nature. For that reason, the Court will assess a 30% reduction in the amount of fees recoverable for her work through that period.

In approving the lodestar figure proposed by Plaintiff, with one minor modification, the Court notes that the billing records submitted in support of the fee request specifically set forth the tasks that were performed, the time spent on the tasks, the person who performed the task, and the rates requested by that attorney or staff member. Similarly, the costs incurred were specifically detailed and explained, including amounts, dates of expenses, and the identity of the persons or entities paid.

In addition to the lodestar figure, the Court will award a 1.5 multiplier with respect to the pre-judgment fees reasonably attributable to Plaintiff's state law claims—calculated as half of the reasonable attorneys' fees through May 2, 2012— to account for the contingent nature of

ORDER
PAGE - 12

1  success. As the amount of reasonable attorneys' fees through May 2, 2012 is $310,387.50, the

2  multiplier amount is $77,596.88.

3      Finally, as the Washington Law Against Discrimination allows for an additional amount

4  to be added to a verdict in employment discrimination cases to offset federal income tax

5  consequences, the Court awards $14,482.00 as an offset.

6  **III.   CONCLUSION**

7      **For the foregoing reasons, the Court orders that Plaintiff is AWARDED a total of**

8  **$416,144.40 in attorneys' fees; $26,625.86 in litigation expenses; and $14,482.00 to offset**

9  **adverse tax consequences.** The fees and expenses award is comprised of the following:

10      (1) attorneys' fees through May 2, 2012, in the amount of $310,387.50 (reflecting a 30%

11  reduction in the amount of fees Plaintiff requested for the work of Desiree Williams to account

12  for the clerical nature of certain tasks);

13      (2) a multiplier of 1.5 on half of the reasonable attorneys' fees incurred before judgment

14  was entered, which amounts to $77,596.88;

15      (3) attorneys' fees from May 3, 2012 to May 16, 2012, in the amount of $12,452.50

16  (reflecting a 30% reduction in the amount of fees Plaintiff requested for the work of Desiree

17  Williams to account for the clerical nature of certain tasks);

18      (4) attorneys' fees from May 17, 2012 to May 31, 2012, in the amount of $8,430.00;

19      (5) attorneys' fees from June 1, 2012 to June 11, 2012, in the amount of $7,277.50;

20      (6) litigation expenses through May 16, 2012, in the amount of $25,592.26;

21      (7) litigation expenses from May 17, 2012 to June 11, 2012, in the amount of $1,033.60.

22      DATED this 8th day of August 2012.

23

24

25                                            John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE
26

# Michele Earl-Hubbard Declaration

# Exhibit E

**(2/12/16 Skagit Superior Court Rate Determination for Michele Earl-Hubbard for work in 2015)**

FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA
2016 FEB 12 AM 11: 42

1

2

3

4

5

6

7

8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SKAGIT COUNTY**

9

10

11

12

13

SHERYL L. ALBRITTON,

               Plaintiff,

vs.

SAN JUAN COUNTY and RANDALL K.
GAYLORD,

               Defendants.

**NO.  15-2-01429-6**

**ORDER ON OFFER AND
ACCEPTANCE OF JUDGMENT**

14

15

16

     This matter came before the court on Plaintiff Sheryl Albritton's Motion for

Determination of Amount of Fee and Cost Award.  The Court has reviewed the files and

records herein, including:

17    1.  Plaintiffs' Motion for Determination of Amount of Fee and Cost Award;

18    2.  Declaration of Michele Earl-Hubbard;

19    3.  Declaration of Nicholas Power;

20    4.  Declaration of Judith Endejan;

21    5.  Declaration of Eric Stahl;

22    6.  Declaration of James Abernathy;

23    7.  Defendant's Response to Motion for Establishment of Reasonable Attorneys

24       Fees;

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 801-7510

1    8.  Declaration of C. Thomas Moser;

2    9.  Declaration of Jeffrey S. Myers re Attorney Fees;

3    10. Plaintiffs' Reply re Motion for Determination of Amount of Fee and Cost Award;

4    11. Second Declaration of Michele Earl-Hubbard;

5    12. Second Declaration of Nicholas Power;

6    13. Declaration of Sheryl Albritton;

7    14. Defendant's Statement of Additional Authority; and

8    Documents and records in the Court file.

9    And having heard argument of counsel and being otherwise fully advised in the

10   matter, the Court rules as follows.

11   On October 9, 2015, Plaintiff filed this action alleging that Defendant violated the

12   Public Records Act ("PRA"), RCW 42.56, et seq., by acts including the silent

13   withholding of records responsive to her PRA request.  The Defendant San Juan County

14   Answered the Complaint and produced to Plaintiff additional public records.  On

15   November 18, 2015, Defendant made an Offer of Judgment pursuant to CR 68 to pay

16   Plaintiff ~~statutory penalties~~ of $22,501.00 "plus such costs and reasonable attorney's fees

17   incurred to the date of this offer."  Plaintiff timely accepted and presented her fee and

18   cost data to Defendant.  Defendant stated that it disagreed that the amount of fees sought

19   were reasonable but declined to state what amount it deemed reasonable.  Defendant

20   required
     ~~demanded~~ that Plaintiff ~~litigate the issue by~~ filing a motion for court determination of the

21   amount of fees and costs.

22   ~~The parties did not communicate about the meaning of the Offer prior to~~

23   ~~acceptance.~~  Post-acceptance the parties indicated a disagreement as to the meaning of

24

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 801-7510

1   the Offer as to whether it would allow for an award of fees and costs for post-Offer

2   activity including the litigated fee motion.

3       On January 4, 2016, Plaintiff filed a Motion for Determination of Fee and Cost

4   Award and supporting materials with this Court seeking all fees and costs through the

5   date of the Motion. Defendant filed an opposition and supporting materials on January

6   11, 2016. Plaintiff filed a Reply and supporting materials with this Court on January 13,

7   2016 updating the fee and cost request to those incurred through the hearing. Defendant

8   filed a Statement of Supplemental Authority on January 13, 2016. A hearing with oral

9   argument was held before this Court on January 15, 2016. The parties continued to

10  dispute the meaning of the Offer.

11      This Court issued its written decision on the Motion on January 19, 2016, setting forth its

12  findings and conclusions in this matter, and such letter ruling is attached hereto as Attachment A

13  and is fully incorporated herein. The Offer of Judgment made by the Defendant San Juan

14  County is attached hereto as Attachment B. The Acceptance of Offer of Judgment of Plaintiff

15  Sheryl Albritton is attached hereto as Attachment C.

16      THE COURT FINDS that the rates requested by Plaintiff's counsel of $440 per hour for

17  Michele Earl-Hubbard and $330 per hour for Nicholas Power are reasonable and that the amount

18  of hours expended on this litigation for the allowed time period are reasonable. Given the

19  expertise of lead counsel Ms. Earl-Hubbard, the risk of no recovery at all, and the specialized

20  knowledge and experience required to pursue a PRA claim, those rates are reasonable. The

21  Court notes that this case involves allegations of deliberate misconduct by county officials,

22  which increases the complexity of the case and the likelihood of failure. The Court also notes

23  that other attorneys in the state who practice in the area of the PRA charge similar rates.

24  Defendant has failed to meet its burden to justify deviating from the lodestar figures proposed by

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 801-7510

ORDER ON OFFER AND ACCEPTANCE
OF JUDGMENT        -3-

1   Plaintiff.  Plaintiff is awarded a total of $29,414.00 in fees for work through November 18, 2015,

2   reflecting 8.8 hours for Ms. Earl-Hubbard at a rate of $440 per hour and 77.4 hours for Mr.

3   Power at a rate of $330 per hour.

4       The COURT FURTHER FINDS that the costs sought through November 18, 2015, of

5   $528.75 are reasonable, and awards Plaintiff $528.75 in costs.

6       Defendant argues that the Offer of Judgment is unambiguous and clearly cut off any

7   award for fees and costs after November 18, 2015.  Plaintiff argues that the Offer of Judgment is

8   ambiguous in that regard and that, if it was intended to prevent an award of fees for a fee

9   litigation, that there was no meeting of the minds and thus did not constitute a knowing and

10   intentional waiver of a right to request fees for a fee litigation otherwise recoverable under the

11   PRA.  Plaintiff further argues that the Defendant's refusal post-acceptance of offer to state an

12   amount it deemed reasonable for fees or costs and to insist on a fee litigation for resolution is a

13   violation of the agreement created by the Offer and Acceptance and is an additional ground for

14   Plaintiff to seek fees and costs for the fee litigation.

15       The Court finds the Offer's language to be unambiguous and intended to award

16   only fees and costs through the date of the Offer.  The Court does not rule on whether or

17   not there was a meeting of the minds or a knowing and intentional waiver of fees or costs

18   by Plaintiff for fees and costs post November 18, 2015, finding such issues are not before

19   the Court and would require a Motion for Rescission and potential evidentiary hearing to

20   resolve that issue.  The Court further is not ruling as to the reasonableness of fees of

21   Plaintiff's counsel post November 18, 2015, or post November 18, 2015, costs sought by

22   Plaintiff, based on the Court's determination that the Offer only provided for fees and

23   costs through November 18, 2015.  This Court's ruling should not be taken as an

24   indication that those hours or costs were unreasonable.

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 801-7510

ORDER ON OFFER AND ACCEPTANCE
OF JUDGMENT        -4

1    NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff and her attorneys

2    are awarded reasonable attorney's fees of $29,414.00.

3    IT IS FURTHER ORDERED that Plaintiff is awarded costs of $528.75.

4    The total fee and cost award to Plaintiff and her attorneys is $29,942.75. (This is in

5    addition to the $22,501.00 ~~statutory penalty award~~ *offer of judgment amount* to which the parties had previously

*SKC*

6    stipulated.)

7

8    DONE IN OPEN COURT this *12* day of *Feb*, 2016.

9

10   The Honorable Susan K. Cook
     Skagit County Superior Court Judge

11   Submitted by:

12   MICHELE EARL-HUBBARD, WSBA# 26454

13   Attorneys for Plaintiff

14   Notice of Presentation filed and served on all parties
     through their counsel on January 28, 2016

15

16

17

18

19

20

21

22

23

24

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 801-7510

ORDER ON OFFER AND ACCEPTANCE
OF JUDGMENT          5

1

2

3

4

5

☐ EXPEDITE
☐ No hearing set
☒ Hearing is set
Date: July 26, 2012
Time: 8:30 AM
Judge/Calendar: Hon. Lisa Sutton

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2012 JUL 26 AM II: 59

BETTY J. GOULD, CLERK

6

7

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

8

9

10

11

12

13

DARREN FAULK, an individual,

                Plaintiff,

vs.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, a public agency,

                Defendant.

No. 10-2-02753-7

ORDER DETERMINING AMOUNT OF FEE, COST AND PENALTY AWARD

RECEIVED '12 JUL 26 PM 03

14

15

16

17

18

19

20

21

22

23

24

    On August 11, 2011, and May 23, 2012, this Court entered summary judgment to

Plaintiff declaring him to the be the prevailing party and entitled to an award of his reasonable

fees, all costs and statutory penalties under RCW 42.56.550(4), with the amounts to be

determined by the Court if the parties could not reach agreement.  Plaintiff made a settlement

offer to DOC pursuant to this Court's request, but DOC never responded.  This matter has now

come before the Court on Plaintiff's Motion for Determination of Amount of Fee, Cost and

Penalty Award.  The Court has reviewed the files and records herein, including:

    1. Order Granting Plaintiff's Second Motion for Partial Summary Judgment, entered May

23, 2012;

    2.  Order Granting Plaintiff's Motion for Partial Summary Judgment, entered August 11,

2011;

ORDER DETERMINING AMOUNT OF FEE, COST
AND PENALTY AWARD - 1

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

3.  Declaration of Michele Earl-Hubbard, filed June 28, 2012, and attachments thereto;

4.  Declaration of Toby Nixon, filed June 28, 2012;

5.  Declaration of Judith Endejan, filed June 28, 2012;

6.  Declaration of Michele Earl-Hubbard filed July 15, 2011;

7.  Declaration of Chris Roslaniec filed July 15, 2011; and attachments thereto;

8.  Declaration of Darren Faulk filed July 15, 2011, and attachments thereto;

9.  Declaration of Chris Roslaniec filed August 8, 2011, and attachments thereto;

10. Declaration of Theresa Pernula, dated May 11, 2012, and attachments thereto;

11. Declaration of Terry Pernula, dated August 1, 2011, and attachments thereto;

12. DOC's original Answer, filed on January 6, 2011, denying records had been withheld from Mr. Faulk;

13. DOC's Amended Answer, filed May 13, 2011, claiming that all responsive records had been provided to Mr. Faulk;

14. DOC's court-ordered Pre-Status Conference Report, filed on June 8, 2011, stating that the final installment of responsive records had been provided to Mr. Faulk on March 10, 2011;

15. Motion for Determination of Amount of Fee, Cost and Penalty Award, filed June 28, 2012;;

16. Defendant's Response to Plaintiff's Motion for Penalties, Costs and Fees;

17. Declaration of Theresa Pernula dated July 12, 2012;

18. Declaration of Dan Pacholke;

19. Declaration of Shauuna Carter dated July 12, 2012;

20. Declaration of Andres Vingo dated July 13, 2012;



ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

21. Faulk's Reply Re: Motion for Determination of Amount of Fee, Cost and Penalty Award;

22. Second Declaration of Michele Earl-Hubbard in Support of Motion for Determination of Amount of Fee, Cost and Penalty Award and attachments thereto; and

23. _Invoice dated 7-21-2012   add't'l fees + costs:_ *3979*   *ss* *MEH*

and the pleadings on file in this case, and otherwise being fully advised on the matter.

THE COURT HEREBY FINDS that the rates requested by Plaintiff's counsel are reasonable and that the amount of hours expended on this litigation are reasonable.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff and his attorneys are awarded reasonable attorney's fees of **$107,164.70** for fees incurred through June 28, 2012, the filing of the Motion, and additional fees of **$6,601.00** for fees from June 28, 2012, through the Reply and additional fees of $ _3,116.00_ *ss MEH* from the Reply through the hearing on this matter on July 26, 2012, for a total fee award of $ _116,890.70_ *ss MEH*.

IT IS FURTHER ORDERED that Plaintiff is awarded all costs incurred in this litigation in the amount of **$2,554.74** for costs incurred through June 28, 2012, the filing of the Motion, and additional costs of **$1,055.84** for costs incurred from June 28, 2012, through the Reply and costs of $ _86.58_ *MEH* *ss* for costs incurred from the Reply through the hearing on this matter on July 26, 2012, for a total cost award of $ _3,697.16_ *ss MEH*.

The Court has considered the aggravating and mitigating factors set forth in **Yousoufian v. Ron Simms**, 168 Wn.2d 444, 459, 229 P.3d 735 (2010), and determined the amount of statutory penalties to be awarded to Plaintiff and paid by Defendant as follows:

THE COURT NOTES that a Court can award penalties in its discretion based on a per record basis, per day basis, per category basis, or other formulation. THE COURT FINDS that Plaintiff made seven separate requests on September 30, 2010, for which there were numerous actual responsive

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

period.

THUS IT IS FURTHER ORDERED that Department of Corrections must pay to Plaintiff a per day statutory penalty of $90 per days for each of the 161 days from the September 30, 2010, date of the requests until March 10, 2011, the date Department of Corrections produced what was to be its final installment and told Plaintiff no records existed and closed his request prior to conducting an adequate search and prior to producing all responsive records. This equals a penalty for this period of **$14,490.00**.

Therefore, Department of Corrections shall pay a total of **$93,590.00** in penalties to Plaintiff.

The Court awards the above fees, costs, and penalties based on the following additional conclusions: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

DONE IN OPEN COURT this 26 day of _____July_____, 2012

LISA SUTTON
Thurston County Superior Court

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1

2   Submitted by:

3

4   MICHELE EARL-HUBBARD
    Counsel for Plaintiff   #26454

5

    Approved as to Form:

6

7

    ANDREA VINGO   #26183

8   Counsel for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DETERMINING AMOUNT OF FEE, COST
AND PENALTY AWARD [proposed] - 7

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

# Michele Earl-Hubbard Declaration

# Exhibit G

**(2013 King County Superior Court Rate Determination for Michele Earl-Hubbard by Judge Shaffer)**



FILED

13 NOV 04 AM 9:00

The Honorable Catherine Shaffer
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-28873-7 SEA

Noted for Hearing With Oral Argument: Thursday, October 31, 2013, at 8:30 a.m.

**ORAL ARGUMENT GRANTED**

# SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR KING COUNTY

WADE'S EASTSIDE GUN SHOP, INC., et al.
       Plaintiffs,

  vs.

DEPARTMENT OF LABOR AND
INDUSTRIES, et al.;
       Defendants

SEATTLE TIMES COMPANY, a Washington
corporation,

     Counter-Claim Plaintiff,

  vs.

WADE'S EASTSIDE GUN SHOP, INC., et al.

     Counter-Claim Defendants

SEATTLE TIMES COMPANY, a Washington
corporation,

     Cross-Claim Plaintiff,

  vs.

DEPARTMENT OF LABOR AND
INDUSTRIES, a Washington state agency,

     Cross-Claim Defendant.

No. 13-2-28873-7 SEA

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 1

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1

2    On September 12, 2013, this Court entered an Order Granting Seattle Times' Motion For

3  Production Of Public Records And For Award Of Attorney's Fees, Costs And Statutory Penalties

4  Against Department Of Labor And Industries.  The Court declared the Seattle Times the prevailing

5  party and entitled to an award of reasonable attorney's fees, costs and statutory penalties the amount

6  of which would be determined by the Court upon subsequent briefing and argument if the parties

7  could not agree to the amounts.  On October 23, 2013, the Court heard the Times Motion for

8  Determination of Amount of Award of Attorney's Fees, Costs and Penalties.

9    The Court has reviewed the files and records herein, including:

10    1.  Order Granting Seattle Times' Motion For Production Of Public Records And For Award

11        Of Attorney's Fees, Costs And Statutory Penalties Against Department Of Labor And

12        Industries;

13    2.  Seattle Times' Motion for Determination of Amount of Award of Attorney's Fees, Costs

14        and Penalties;

15    3.  Seattle Times' Memorandum In Support Of Motion For Determination Of Amount Of

         Award Of Attorney's Fees, Costs And Penalties;

      4.  Declaration of James Neff filed 10/15/13;

      5.  Declaration of Michele Earl-Hubbard filed 10/15/13;

      6.  Declaration of Keith Ervin filed September 3, 2013;

      7.  Labor and Industries Response to Seattle Times' Motion for Determination of Amount of

          Award of Attorney's Fees, Costs and Penalties filed 10/21/13;

      8.  Second Declaration of Mandalyn Mackay filed 10/21/13;

      9.  Seattle Times Corrected Reply Re: Motion for Determination of Amount of Award of

          Attorney's Fees, Costs and Penalties filed 10/22/13;

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 2

A LLIED
   LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1

2     10. Second Declaration of James Neff, filed 10/22/13;

3     11. Second Declaration of Michele Earl-Hubbard filed 10/22/13;

4     12. Amended Third Declaration of Michele Earl-Hubbard, filed 10/31/13;

5     13. _____;

6     14. And _____;

7  And hearing the argument of counsel and otherwise being fully informed on the matter

8     THE COURT HEREBY FINDS that the rate of $410 per hour requested by Seattle Times'

9  counsel Michele Earl-Hubbard is reasonable and that the amount of hours expended on this

10 litigation are reasonable.

11    THE COURT FINDS that the costs requested by the Seattle Times are reasonable.

12    NOW THEREFORE, IT IS HEREBY ORDERED that the Seattle Times and its attorney

13 are awarded reasonable attorney's **fees of $42,681.00** (reflecting $1,230 in additional fees through

14 the hearing on October 31, 2013) and **costs of $1,000.86** (reflecting $44.16 in additional costs

15 through the hearing on October 31, 2013).

   THE COURT has considered the arguments made by the parties regarding the amount of

statutory penalties to be awarded and the aggravating and mitigating factors set forth in

**Yousoufian v. Ron Sims**, 168 Wn.2d 444, 459, 229 P.3d 735 (2010) ("**Yousoufian**").  The Court

has determined the amount of statutory penalties in this order to be awarded to the Seattle Times

and paid by Defendant L&I as follows.

   This Court can award penalties in its discretion based on a per record basis, per day basis,

per category basis, or other formulation.

   The Court in **Yousoufian** set forth sixteen factors that courts should consider in assessing

penalties against an agency.  The seven mitigating factors that may serve to decrease the penalty

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 3

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1

2     are:

3          (1) a lack of clarity in the PRA request, (2) the agency's prompt response or legitimate
           follow-up inquiry for clarification, (3) the agency's good faith, honest, timely, and strict
4          compliance with all PRA procedural requirements and exceptions, (4) proper training
           and supervision of the agency's personnel, (5) the reasonableness of any explanation for
5          noncompliance by the agency, (6) the helpfulness of the agency to the requestor, and
           (7) the existence of agency systems to track and retrieve public records.

6
      **Id.** at 467. Conversely, the nine aggravating factors that support an increased penalty are
7
           (1) a delayed response by the agency, especially in circumstances making time of the
8          essence, (2) lack of strict compliance by the agency with all the PRA procedural
           requirements and exceptions, (3) lack of proper training and supervision of the agency's
9          personnel, (4) unreasonableness of any explanation for noncompliance by the agency,
           (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA
10         by the agency, (6) agency dishonesty, (7) the public importance of the issue to which
           the request is related, where the importance was foreseeable to the agency, (8) any
11         actual personal economic loss to the requestor resulting from the agency's misconduct,
           where the loss was foreseeable to the agency, and (9) a penalty amount necessary to
12         deter future misconduct by the agency considering the size of the agency and the facts
           of the case.

13
      **Id.** at 467-68.
14
             The mitigating factors were reviewed as applied to these facts for the purposes of
15
      determining whether to decrease the penalty.  Similarly, the aggravating factors were reviewed to

      determine whether to increase the penalty as applied to the facts in this matter.  This Court

      carefully weighed and reviewed all of the evidence and facts in this matter and heard argument of

      counsel as to the appropriate amount of the penalty to be set.  This Court is mindful of and

      followed the guiding analysis (16 factors) as stated by the Washington Supreme Court in

      **Yousoufian**, 168 Wn.2d 444, "Our  multifactor analysis is consistent with the PRA and our

      precedents and provides guidance to trial courts, more predictability to parties, and a framework

      for meaningful appellate review.  We emphasize that the factors may overlap, are offered only as

      guidance, may not apply equally or at all in every case, and are not an exclusive list of appropriate

      UPDATED ORDER DETERMINING
      AMOUNT OF AWARD OF
      ATTORNEY'S FEES, COSTS AND
      PENALTIES TO BE AWARDED TO
      SEATTLE TIMES- 4

**A**LLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

considerations.  Additionally, no one factor should control.  These factors should not infringe upon the considerable discretion of trial courts to determine PRA penalties."

### 1.  Penalty calculation from January 31, 2013, to March 22, 2013.

Applying all of the above factors to the 50 days from the Times' PRA request on January 31, 2013, to the conclusion of L&I's investigation on March 22, 2013, the Court awards a penalty for this phase of **$5,431**.  The Court is imposing a penalty of two cents per record (counted as a page) for each of the 50 days of this phase times the 5,431 records withheld until after the Court's September 12, 2013, Order.

### 2.  Penalty calculations from March 22, 2013, to July 25, 2013.

Applying all of the above factors to the 125 days from the conclusion of the investigation on March 22, 2013, to July 25, 2013, the date L&I finally notified the subjects of the request and invited them to sue, the Court awards a penalty for this phase of **$169,718.75**.  By L&I's own admissions any exemptions that applied to the records ceased to apply as soon as the investigation was concluded, and the investigation concluded on March 22, 2013, when L&I sent copies of citations to a complainant.  L&I has offered inadequate justification for its delay in notifying the subjects or in releasing the records.  The 5,431 responsive and now-not-exempt records were not identified or produced during this phase.  The Court is imposing a penalty of 25 cents per record (counted as a page) for the 125 days of this phase times the 5,431 records withheld until after the Court's September 12, 2013, Order.

### 3.  Penalty calculations from July 25, 2013, to August 9, 2013.

Applying all of the above factors to the 15 days L&I gave the subjects to obtain a judicial order after finally notifying them of the request, the Court awards a penalty for this phase of **$814.65**.  By L&I's own admissions any exemptions that applied to the records ceased to apply as

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 5

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

soon as the investigation was concluded, and thus the notice sent to the subjects invited them to seek an injunction that could never lawfully be entered.  L&I afforded them too much time to obtain a judicial order, especially after L&I delayed so long sending the notice in the first place. The Court is imposing a penalty of one penny per record (counted as a page) for the 15 days of this phase times the 5,431 records withheld until after the Court's September 12, 2013, Order.

**4.      Penalty Calculations from August 9, 2013, to September 12, 2013.**

Applying all of the above factors to the 34 days L&I voluntarily withheld the 5,431 records after the subjects missed L&I's deadline and failed to obtain or even seek a judicial order, the Court awards a penalty of for this phase of **$184,654**.  Again, these were records L&I has admitted were not exempt, and that the subjects had not noted any motions for a judicial order and that it was voluntarily withholding the records as a courtesy to the subjects allowing them to note motions when it was convenient to them.  This phase also was the phase in which the Times provided L&I's attorney with binding case law showing L&I was breaking the law and violating the PRA by voluntarily withholding records as it was doing.  The Court is imposing a penalty of $1 per record (counted as a page) for the 34 days of this phase times the 5,431 records withheld until after the Court's September 12, 2013, Order.

**5.      Penalty Calculations from September 12, 2013 to September 20, 2013.**

Applying all of the above factors to the one and nine-day periods after this Court ordered L&I to produce all records and had rejected the injunctions of Wade's and S.D. Deacons before L&I actually produced all records to the Times, the Court awards penalties for this phase of **$9,840 and $137,800**.  As of September 12, 2013, L&I was under orders from this Court to produce all records and it had failed to prove any exemptions, something it was required to do had it wanted to do so at the September 12, 2013, hearing before this Court on the Times' Motion.  L&I produced

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 6

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1

2    1968 pages on September 13, 2013, one day after the Court's Order (Neff Decl. at ¶11 & Ex. B)

3    and attempted to delay production of the remaining records into October and to identify additional

4    new exemptions.  Neff Decl., Ex. C.  When L&I was threatened with a motion for contempt it

5    eventually relented and produce the remaining 3,445 responsive records on September 20, 2013,

6    nine days after this Court's Order.  Neff Decl. ¶ 11 & Ex. C.  The Court is imposing a $5 per

7    record (counted as a page) penalty for the 1 day times 1,968 records produced on September 13,

8    2013, for a total penalty for installment 1 of $9,840, and a $5 per record (counted as a page)

9    penalty for the 3,445 records for the 9 days from September 12, 2013, to September 20, 2013, for a

10   total penalty for this phase for installment 2 of $137,800.

11                    **6.      Total Penalties**

12          Total penalties awarded per the above are **$502,827.40.**

13          IT IS THUS FURTHER ORDERED that L&I must pay to the Seattle Times statutory penalties of

14   $502,827.40 calculated as explained above.

15          The total penalty, fees, and costs awarded to the Seattle Times payable by Department of Labor

     and Industries is in the amount of **$546,509.26**


          DONE this 1  day of November, 2013


                                          _____
                                          Hon. Catherine Shaffer
                                          King County Superior Court Judge

Submitted by:


s/Michele Earl-Hubbard
MICHELE EARL-HUBBARD
Counsel for Seattle Times


UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 7

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1

2     Approved as to Form:

3     _____

4     JOHN BARNES
      Counsel for Defendant L&I

5

6

7

8

9

10

11

12

13

14

15

UPDATED ORDER DETERMINING
AMOUNT OF AWARD OF
ATTORNEY'S FEES, COSTS AND
PENALTIES TO BE AWARDED TO
SEATTLE TIMES- 8



P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

# King County Superior Court
## Judicial Electronic Signature Page

Case Number:          13-2-28873-7
Case Title:           WADES EASTSIDE GUN SHOP INC ET AL VS WA STATE OF
                      L & I ET AL
Document Title:       ORDER

Signed by Judge:      Catherine  Shaffer
Date:                 11/4/2013 9:00:00 AM

Judge Catherine  Shaffer

This document is signed in accordance with the provisions in GR 30.
Certificate Hash:            02A0B1FE28017BAC78E9BF6CE00C462718609D94
Certificate effective date:  7/29/2013 11:40:17 AM
Certificate expiry date:     7/29/2018 11:40:17 AM
Certificate Issued by:       C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA,
                             CN="Catherine Shaffer:PCh7R3n44hGZOTo3YYhwmw=="

**Michele Earl-Hubbard Declaration**

# Exhibit H

**(2013 King County Superior Court Rate Determination for
Michele Earl-Hubbard in <u>O'Neill v. Shoreline</u>)**

1

The Honorable Monica Benton
Noted for Hearing with Oral Argument: June 28, 2013, 9:00 a.m.

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR KING COUNTY**

8   BETH AND DOUG O'NEILL,

No. 06-2-36983-1 SEA

9                              Plaintiffs,

ORDER GRANTING PLAINTIFFS'
MOTION FOR DETERMINATION
OF AMOUNT OF FEE AND COST
AWARD

10  vs.

11  THE CITY OF SHORELINE, a Municipal
Agency and DEPUTY MAYOR MAGGIE

12  FIMIA, individually and in her official capacity,

[~~proposed~~]

13                              Defendants.

14         This matter came before the court on Plaintiff Doug and Beth O'Neill's Motion for

15  Determination of Amount of Fee and Cost Award. The Court has reviewed the files and records

16  herein, including:

17      1.  O'Neills' Motion for Determination of Amount of Fee and Cost Award;

18      2.  Declaration of Michele Earl-Hubbard in Support of Motion for Determination of Amount

19         of Fee and Cost Award;

20      3.  Declaration of Judith Endejan in Support of Motion for Determination of Amount of Fee

21         and Cost Award;

22      4.  Declaration of Michael Brannan in Support of Motion for Determination of Amount of

23         Fee and Cost Award;

24

ORDER GRANTING PLAINTIFFS' MOTION FOR
DETERMINATION OF FEE AND COST AWARD
[proposed] - 1

**A**LLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

5. Defendants' Response to Plaintiffs' Motion for Determination of Amount of Fee and Cost Award;

6. Declaration of Ian R. Sievers in Support of Defendants' Response to Plaintiffs' Motion for Determination of Amount of Fee and Cost Award;

7. Declaration of Flannary P. Collins in Support of Defendants' Response to Plaintiffs' Motion for Determination of Amount of Fee and Cost Award;

8. Declaration of Darcy J. Greenleaf in Support of Defendants' Response to Plaintiffs' Motion for Determination of Amount of Fee and Cost Award;

9. Plaintiffs' Reply Re: Motion for Determination of Amount of Fee and Cost Award;

10. Second Declaration of Michele Earl-Hubbard in Support of Motion for Determination of Amount of Fee and Cost Award;

11. Declaration of Beth O'Neill in Support of Motion for Determination of Amount of Fee and Cost Award;

12. Declaration of Michael G. Brannan in Support of Plaintiffs' Reply;

13. Defendants' Sur-Reply to Plaintiff's Reply;

14. Second Declaration of Flannary P. Collins with Sur-Reply and attachments thereto;

15. Documents and records in the Court file;

And being otherwise fully advised in the matter,

THE COURT HEREBY FINDS that the rates requested by Plaintiffs' counsel are reasonable and that the amount of hours expended on this litigation are reasonable. Defendants have failed to meet their burden to justify deviating from the lodestar figures proposed by Plaintiffs.

The Court HEREBY GRANTS Plaintiffs' Motion for Determination of Amount of Fee and Cost Award. The Court accepted statement number 4321 from Allied Law Group at the hearing updating the fees and costs of Allied Law Group for fees and costs incurred between November 14, 2012 and June 27, 2013, adding an additional 14.3 hours for Michele Earl-Hubbard at a rate of $410 per hour and a total value of $5,863.00, and additional costs of $70.65;

ORDER GRANTING PLAINTIFFS' MOTION FOR
DETERMINATION OF FEE AND COST AWARD
[proposed] - 2

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

1    NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiffs and their attorneys are

2    awarded reasonable attorney's fees of $~~446,721.50~~. 428,966.18. MH

3    IT IS FURTHER ORDERED that Plaintiffs are awarded all costs incurred in this litigation

4    in the amount of **$11,392.44** less the $1803.65 awarded by the Supreme Court

5    Clerk for a total cost award of **$9,588.79.**

6    **The total fee and cost award to Plaintiffs and their attorneys is** $~~456,313.29~~. 438,554.97 MH (This is in

7    addition to the $100,000.00 statutory penalty award to which the parties had previously stipulated.)

8

9    DONE IN OPEN COURT this _____ day of _____, 2013.

10

11    _____
     MONICA BENTON

12    King County Superior Court

13    Submitted by:

14

15    _____
     MICHELE EARL-HUBBARD, WSBA# 26454

16    MICHAEL G. BRANNAN, WSBA# 28838
     Attorneys for Plaintiffs

17

18    Approved as to Form:

19

20    _____
     FLANNARY P. COLLINS

21    Attorney for City of Shoreline

22

23    _____

24    IAN SIEVERS

     ORDER GRANTING PLAINTIFFS' MOTION FOR
     DETERMINATION OF FEE AND COST AWARD
     [proposed] - 3

     ALLIED
     LAW GROUP
     P.O. Box 33744
     Seattle, WA 98133
     (206) 443-0200 (Phone)
     (206) 428-7169 (Fax)

1   Attorney for City of Shoreline

2

3   _____

4   RAMSEY RAMERMAN
    Attorney for Maggie Fimia

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFFS' MOTION FOR
DETERMINATION OF FEE AND COST AWARD
[proposed] - 4

ALLIED
LAW GROUP
P.O. Box 33744
Seattle, WA 98133
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)